JOHN I. D. BRISTOL, Appellant, *v.* THE EQUITABLE LIFE
   ASSURANCE SOCIETY of New York, Respondent.

The originator or proprietor of an idea, trade, secret or system, which can-
   not be sold, negotiated or used without disclosure, must himself protect
   it from disclosure by some contract, and if he discloses it to another
   without contract, or any agreement as to compensation, the other is
   entitled to use it, and, if he does so use it to his benefit, he incurs no lia-
   bility to the one who made the disclosure.

Plaintiff's complaint alleged in substance that, to induce defendant to
   employ him, he communicated to it, in confidence, a new system of
   soliciting insurance business; that defendant, without plaintiff's knowl-
   edge, commenced the use of the system, and continued its use against
   his protests after discovery, and thereby obtained a large amount of
   business. Plaintiff asked for an accounting and payment of a reason-
   able compensation. On demurrer to the complaint, *held*, that it did not
   set forth a cause of action.

Reported below, 52 Hun, 161.

(Argued March 7, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made March 29, 1889, which affirmed a judgment in favor of
defendant entered upon a decision of the court on trial at Special
Term.

This action was brought to obtain an accounting and recover
compensation for communicating to defendant a new system
for soliciting life insurance, which plaintiff alleged, after a
confidential disclosure thereof by him in a letter requesting
employment, was adopted by defendant and used without his
knowledge, and the use was continued, notwithstanding his
protests, after discovery of its use, whereby defendant obtained
a large amount of business.

Defendant demurred to the complaint on the ground that it
did not state facts sufficient to constitute a cause of action, and
the demurrer was sustained.

Further facts are stated in the opinion.

*Raphael J. Moses* for appellant. The right of property
exists in a definite collocation of ideas forming a new and

useful system of transacting a lawful business. (*Kiernan* v.
*M. Q. Co.*, 50 How. Pr. 104; *Miller* v. *Taylor*, 4 Burr. 2303;
2 Story's Eq. Juris. §§ 943, 950; *Hay* v. *McKenzie*, 3 Barb.
Ch. 320; *Wheaton* v. *Peters*, 8 Pet. 591, 608; *Little* v. *Hall*,
18 How. Pr. 165; *Prince Albert* v. *Strange*, 1 McN. & G.
96; *Denis* v. *Leclerk*, 1 Mod. 207; *Folsom* v. *Marsh*, 2
Story, 100; *Wetmore* v. *Scoville*, 3 Edw. Ch. 515; *United
States* v. *Tanner*, 6 McC. 128; *Eire* v. *Higbee*, 22 How. Pr.
198; *Grigsby* v. *Breckinridge*, 2 Bush, 480; *Macklin* v.
*Richardson*, Ambler, 694; *Boucicault* v. *Fox*, 5 Blatchf.
98; *Keene* v. *Kemble*, 16 Gray, 945; *Tenor* v. *Robinson*, 10
Ir. Ch. 134; *Boulanger* v. *McKay*, 15 Blatchf. 561; *Ehret*
v. *Pierce*, 18 id. 302; *Cobbitt* v. *Woodward*, L. R. [13 Eq.]
307; *Maple* v. *J. A. & N. Series*, L. R. [23 Ch. Div.] 369;
*Dix* v. *Brooks*, L. R. [15 Ch. Div.] 22; *Burns* v. *Woodruff*,
4 Wash. 48; *Donald* v. *Becket*, 4 H. L. Cas. 1774.) Before
publication, literary property exists and will be protected by
the courts. (2 Swanst. 424; 2 Itk. 342; Amb. 739; 1 Wm.
Bl. 331; Id. 330; 4 Burr. 2408; 2 DeG. & S. 692; 1
McN. & G. 25; 4 H. of L. 815; *Palmers* v. *De Witt*, 47
N. Y. 532.) Treated in the nature of a trade secret, the
plaintiff is entitled to protection and damages for violation of
the secret obtained in confidence. (Browne on Trade-marks,
§ 545; *Peabody* v. *Norfolk*, 98 Mass. 408; *Vickery* v. *Welch*,
19 Pick. 523; *Taylor* v. *Blanchard*, 13 Allen, 373, 374;
*Jarvis* v. *Peck*, 10 Paige, 118; *Morrison* v. *Moat*, 9 Hare,
255; *Bryson* v. *Whitehead*, 1 Sims. Ch. 74.)

*Charles B. Alexander* for respondent. This is an equitable
action, not an action at law. (*Stevens* v. *Mayor, etc.*, 84 N. Y.
304; *Hammond* v. *Morgan*, 101 id. 186; *Gould* v. *C. C.
Bank*, 86 id. 83; *Kelly* v. *Downing*, 42 id. 71; *Alexander* v.
*Katte*, 63 How. Pr. 262; *Taylor* v. *C. O. L. Ins. Co.*, 9 Daly,
489; *Edson* v. *Girvan*, 29 Hun, 424; *Murtha* v. *Curley*, 90
N. Y. 372; *Covert* v. *Henneberger*, 53 How. Pr. 1; *Fisher* v.
*C. O. L. Ins. Co*, 20 J. & S. 179; *Watson* v. *M. R. Co.*, 17
Abb. [N. C.] 296; *Moores* v. *Townshed*, 102 N. Y. 391;

*Heywood* v. *City of Buffalo*, 14 id. 534; *Bockes* v. *Lansing,* 74 id. 437; *R. E. Bank* v. *Eames*, 1 Keyes, 588; *Mann* v. *Fairchild*, 2 id. 112; *Crosby* v. *Watts*, 9 J. & S. 208; *Wilson* v. *Mallett*, 4 Sandf. 112.) Viewed as a bill in equity for an accounting and discovery, the demurrer must be sustained. (*Phillips* v. *Phillips*, 9 Hare Ch. 471; *Root* v. *R. R. Co.*, 105 U. S. 189; *Smith* v. *L. & S. E. R. Co.*, Kay, 408; *Baily* v. *Taylor*, 1 R. & M. 73; *Jewett* v. *Bowman*, 29 N. J. Eq. 174; *Badger* v. *McNamara*, 123 Mass. 117; Pom. Eq. Juris. § 178; *Uhlman* v. *N. Y. L. Ins. Co.*, 109 N. Y. 421; *Porter* v. *Spencer*, 2 Johns. Ch. 169; *Seymour* v. *L. D. Co.*, 20 N. J. Eq. 396; *Dinwiddie* v. *Bailey*, 6 Ves. 136.) The complaint shows no demand on the defendants for the information desired. (*Lynch* v. *Willard*, 6 Johns. Ch. 346.) There was no agreement here, because there was no assent of the defendant to the offer. (Pars. on Cont. 475.) The mere use of the ideas or thoughts of another does not create a cause of action. (*Stowe* v. *Thomas*, 2 Wall. 547; *Read* v. *Conquest,* 9 C. R. [N. S.] 755; *Brown* v. *Piper*, 91 U. S. 41; *Morton* v. *N. Y. E. Infirmary*, 5 Blatch. 116; *Earle* v. *Sawyer*, 4 Mason, 6; *Whittemore* v. *Cutter*, 1 Gall. 478; *Palmer* v. *De Witt*, 47 N. Y. 537; *Woolsey* v. *Judd*, 4 Duer, 379; *Wheaton* v. *Peters*, 8 Pet. 591; *Millar* v. *Taylor*, 4 Burr. 2303; *Donaldsons* v. *Becket*, Id. 2408; *Gillett* v. *Bate*, 86 N. Y. 94; *Hesse* v. *Stevenson*, 3 B. & P. 56; *Folsom* v. *Marsh*, 2 Story, 100; *Keene* v. *Kemball*, 16 Gray, 545; *Merrill* v. *Calkins*, 10 Hun, 495; *Oakley* v. *Stanley*, 5 Wend. 523; Angell on Water-courses, § 158; *Gillet* v. *Mason*, 7 Johns. 16; *Amory* v. *Flynn*, 10 id. 102; *Ferguson* v. *Miller*, 1 Cow. 243; *Hogg* v. *Emerson*, 6 How. [U. S.] 437; *Keene* v. *Clark*, 5 Robt. 58.)

LANDON, J. Assuming, without deciding, that if the defendant has wrongfully appropriated, or converted to its own use, the plaintiff's property, or infringed upon his property rights or privileges, and has, without right, made use of them, it ought to respond to the plaintiff for such use, and should ren-

der an account to him respecting the same, the question arises
upon this complaint whether the subject of the appropriation
and use constituted property or property rights of the
plaintiff.

The plaintiff does not allege that he was the exclusive pos-
sessor of the system. His letter to the defendant instances
several companies which have used it to advantage, and states
that "underlying the whole system is a common sense plan of
advertising." Its use seems to be its disclosure. He does not
complain of the use that the defendant has made of it, but
seeks to recover for it as if defendant had used his property.
His case is unlike those in which the injunctive process of the
court is sought to restrain the disclosure of a secret, or the
publication of a letter, which may prove injurious to business
or character.

Nor is his case like that of one who writes a tale or treatise,
or play, or composes a piece of music, or paints a picture, or
makes an invention; in such cases there is a production which
can, by multiplying copies, be put to marketable use and its
exclusive ownership be easily preserved and protected. Who-
ever infringes takes benefits or profits which otherwise would
naturally come to the producer. Here the defendant has
taken from the plaintiff no profits nor diverted them from
him.

Without denying that there may be property in an idea, or
trade secret or system, it is obvious that its originator or pro-
prietor must himself protect it from escape or disclosure. If
it cannot be sold or negotiated or used without a disclosure, it
would seem proper that some contract should guard or regu-
late the disclosure, otherwise it must follow the law of ideas
and become the acquisition of whoever receives it. (*Peabody
v. Norfolk*, 98 Mass. 452.)

The allegation of the complaint that the defendant disclosed
the system in confidence to the defendant is vague. It does
not necessarily mean that the defendant agreed not to use it;
it may mean something else. Defendant is at liberty to con-
duct its business in its own way; it obtained a valuable hint

from the plaintiff and assumed no legal obligation to pay the plaintiff if it should conclude to act upon it.

Plaintiff communicated his system without marketing it. It was valuable to the defendant. But what has plaintiff lost thereby? He alleges nothing more than the loss of the sale to a single party who refused to buy. The system, we may assume, was valuable to those who had insurance to sell. Plaintiff does not allege that he had any to sell. He does not allege that his system was marketable or might have been made so but for the use made of it by defendant.

A. wishes to sell his house and lot. B. tells him in confidence that C. desires to buy it, and B. solicits employment to negotiate the sale. A. declines, but acting upon B.'s communication meets C., and himself negotiates and closes the contract of sale. B. has no cause of action against A. He had information which he hoped to market, but he parted with it without finding any market.

The plaintiff himself communicated his system to the defendant to induce it to employ him, and thus used it as an attractive adjunct to his own self commendation or in corroboration of it. He could not induce the defendant to " adopt this system and the writer with it." Yet as the defendant acted upon the hint the plaintiff gave to it and found it profitable to do so, the plaintiff asks the defendant to pay him a percentage of its profits.

We do not think the complaint states a cause of action.

Judgment should be affirmed.

All concur, except VANN, J., not sitting.

Judgment affirmed.