ELIZABETH S. EDWARDS, Respondent, *v.* EDGAR A. TENNIS, Appellant.

First Department, January 16, 1920.

Contract — agreement to pay money for control of railroad corporation — consideration — promise based upon past act of promisee — no presumption that act was done by request — delivery of control of corporation to promisor sufficient consideration.

Action to recover a final installment alleged to be due on an agreement signed by the defendant which in substance stated that the plaintiff was to continue to own certain shares of stock and that the defendant in consideration for the plaintiff's having suggested to him a railroad project which he had decided to finance, acknowledged himself to be indebted to the plaintiff in a certain sum which by mutual agreement " has been decided upon as compensation for any interest you may have in said railroad project outside of the certificate of stock above referred to." The agreement thereupon provided for payment by the defendant to the plaintiff in certain specified installments. The defendant refused to pay the last installment because the plaintiff would not surrender her certificate of stock, though it did appear that she had put the defendant in control thereof by giving him a proxy, and the plaintiff offered in court to surrender the certificate in exchange for a new one for a like amount, which was refused by the defendant.

*Held,* that the first consideration expressed in the agreement, namely, the fact that the plaintiff had suggested the railroad project to the defendant, was not sufficient to support the agreement, for a past act not done at the request of a promisor cannot serve as a consideration for a promise, and there is no presumption that the act was not gratuitous.

However, the agreement by the plaintiff to give the defendant control of the corporation which she did by the execution and delivery of a proxy on her stock, although she retained possession thereof as agreed, furnished a sufficient consideration for the defendant's promise so that the plaintiff is entitled to recover.

APPEAL by the defendant, Edgar A. Tennis, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of January, 1919, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, in favor of the defendant, entered in the office of the clerk of said court on the 20th day of May, 1918, and directing a judgment in favor of the plaintiff.

*Nathaniel Levy* of counsel [*Levy & Nemerov,* attorneys], for the appellant.

*J. Edward Murphy,* for the respondent.

PAGE, J.:

The plaintiff brought an action to recover the final installment of $100 of the $1,000 mentioned in the following agreement:

" NEW YORK, *May 24th,* 1917.
" Mrs. ELIZABETH S. EDWARDS,
　　　　　　" New York City:

" DEAR MADAM.— I confirm understanding with you relative to any interest you may have in the Central Carolina Railroad Company in addition to the physical possession of the certificate for 100 shares of the capital stock of said Railroad Company and which certificate of stock you are, by mutual agreement, to continue to own without respect to any compensation hereinafter referred to.

" In consideration for your having suggested to me the above railroad project, which, after investigation, I have decided to endeavor to finance, construct and operate, I hereby acknowledge myself to be indebted to you in the sum of

$10,000 which, by mutual agreement, has been decided upon as compensation for any interest you may have in said railroad project outside of the certificate of stock above referred to.

" I am to pay you the said sum of $10,000 as follows: $200 cash, receipt whereof is hereby acknowledged and a further sum of $800 at the rate of $100 every thirty days, beginning with June 1st, 1917. Thereafter you are to receive $1,000 cash as each ten miles of railroad of the above Central Carolina Railroad Company is completed, the understanding being that the balance of $9,000 shall become due and payable by not later than July 1st, 1919, it being expected that the said railroad will have been completed for a distance of at least ninety miles on or before the above date.

" This understanding is to obligate myself, heirs, administrators or assigns for the faithful performance of the obligations herewith assumed.        Yours very truly,

" E. A. TENNIS."

The plaintiff was the widow of one William J. Edwards, who in his lifetime had organized and become president of the Central Carolina Railroad Company and secured certain franchises and rights of way. The railroad was to be 140 miles long. The authorized capital stock was only $125,000, of which $10,000 had been issued to the plaintiff and for which she had paid cash. It does not appear whether any or what amount of the additional shares of stock had been issued. After her husband's death the plaintiff brought the matter of this railroad enterprise to the attention of the defendant, and there was some discussion between them as a result of which the plaintiff and defendant went to North Carolina and investigated the project. Defendant agreed to endeavor to finance, construct and operate the railroad, and the above letter was written by the defendant and delivered to the plaintiff. The defendant testified that he explained to the plaintiff that he desired to increase the stock issue of the company to an amount which would equal $15,000 per mile, and that he was to have control of the corporation and that the plaintiff was to surrender her certificate to the board of directors who would issue a certificate of the new stock for a like amount.

In the course of the trial it transpired that the defendant

had taken the position that this stock had been fraudulently issued and that the defendant contended that he had agreed to have the certificate issued only in case the board of directors should so agree. The defendant testified that when the plaintiff failed to send the stock he refused to pay the last installment of $100, having theretofore paid $900. Plaintiff testified that she did not agree to surrender the certificate; that all she agreed to do was to put the control of the stock she held within the defendant's power by the giving of a proxy, which she had done, and the defendant had been enabled to increase the stock and secure the control of the corporation by means of this proxy, and her attorney offered in court to surrender the certificate and accept a new certificate for a like amount if the exchange would be made in New York city. This the defendant refused to do. The pleadings were oral and the trial was conducted without much regard for the issues or the rules of evidence. The justice of the Municipal Court held that as the writing was signed only by the defendant, evidence might be received to show the real contract of the parties. He further stated that " the writing speaks of two possible considerations; one expressed is indicative of an act performed in the past, and the other of an act to be performed in the future. The first-mentioned consideration is expressed by the words ' in consideration of your having suggested to me the above railroad project.' There is nothing in the paper or in the evidence that this suggestion had been made at the request of the defendant." He, therefore, held that as a past act cannot serve as consideration for a promise (*Fulton* v. *Varney,* 117 App. Div. 572) this unsolicited suggestion could not serve as a consideration. He further stated that the only other consideration mentioned in the writing is where it speaks of the $10,000 as having been decided as compensation for any interest the plaintiff may have in the railroad project outside of the certificate of stock owned by her.

The trial justice held in accordance with the defendant's contention and held that as she had not delivered the stock, there was no consideration for the agreement and dismissed the complaint.

The Appellate Term, on appeal, held that as the contract

referred to services performed by the plaintiff for the defendant, the presumption would be that it was rendered at the request of the defendant rather than that it was gratuitous and, therefore, coupled with the fact that the plaintiff thereafter gave the defendant the control of the company, there was a good consideration, and reversed the judgment and granted judgment for the plaintiff. (105 Misc. Rep. 609.) In our opinion the construction of the justice of the Municipal Court, as to the first expressed consideration was correct. There is no presumption that for a service rendered by a party to another without an express request, the court will imply a request. The agreement, however, to give the defendant control of the company which the plaintiff did by the execution and delivery of the proxy, furnishes a sufficient consideration. That such was the intention of the parties would be the only possible meaning to be derived from the language of the contract, for it was expressly provided that the plaintiff should continue to have physical possession of the certificate and to own it.

The writing is silent upon a surrender of the certificate for a new one. In fact this would appear to be in conflict with its terms as it provided for her retaining the physical control of the certificate. We must bear in mind that the writing was made by the defendant, and if he had intended at that time to provide for the surrender of the certificate to the board of directors to be reissued in a new certificate in their discretion, he would have so provided. The writing is to be construed most strongly against him.

The determination of the Appellate Term should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Determination affirmed, with costs.