EDWARD L. LARKIN, Plaintiff, *v.* PENNSYLVANIA RAILROAD COMPANY and Others, Defendants.

Supreme Court, New York Special Term, June 17, 1925.

Copyright — action to recover damages for appropriation by defendant of alleged plans for construction of hotel over defendant's railroad tunnel in New York city — pleadings — motion for judgment on pleadings — complaint is limited by bill of particulars — plaintiff's plans did not suggest original idea in construction but merely application of principle already known to architects — no substantial copying of plaintiff's plans is shown — complaint dismissed.

On a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice, which is made on the ground that the complaint does not state facts sufficient to constitute a cause of action, the complaint is limited by a bill of particulars filed by the plaintiff.

In this action to recover damages based on the alleged appropriation by the defendant of literary property claimed to have existed in certain plans furnished by the plaintiff to the defendant for the construction of a hotel over defendant's railroad tunnel in New York city, in which it appears that the plaintiff submitted certain plans to the defendant with the expectation that the contract for the construction of the hotel would be awarded to him, the plaintiff is not entitled to recover and the complaint must be dismissed, since it appears that the plans submitted by the plaintiff, which he claims the defendant appropriated, do not contain any original ideas or the adaptation of a known scientific abstraction, but that said plans merely suggest a known method for the construction of the proposed hotel by which the load may be evenly distributed over the entire surface of the roof of the tunnel.

The complaint must be dismissed for the further reason that it is not shown that the defendant copied, to any substantial degree, the plans submitted by the plaintiff to the defendant.

MOTION under rule 112 of the Rules of Civil Practice for judgment on the pleadings.

*Knox & Dooling* [*Henry A. Uterhart, John T. Dooling, Joseph Gazzam* and *Alfred Schaffer* of counsel], for the plaintiff.

*O'Brien, Boardman, Parker & Fox* [*Martin Conboy, David Asch, Philip W. Boardman* and *Harold G. Wentworth* of counsel], for the defendants.

PROSKAUER, J.:

Defendants' motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice challenges the sufficiency of the complaint, which they properly claim is to be limited by the bills of particulars (and the plans forming the schedules thereof). (*Dineen* v. *May,* 149 App. Div. 469; *Davison Coal Co.* v. *Nat. Park Bank,* 201 id. 309.)

The plaintiff's allegations are substantially that the defendants respectively were interested in or owned the land upon which the Pennsylvania Hotel now stands; that beneath part of the land are the tunnels and tracks of the railroad; that the defendants desired to erect thereon a hotel structure; that they informed the plaintiff that their engineer had said this would be impracticable to a height of more than twelve stories; that the plaintiff was interested with associates in securing the contract to construct this hotel; that he prepared plans for the construction of a twenty-five-story hotel building and plans for the construction of a thirty-one-story hotel building; that he delivered these plans for a much higher building to the defendants in furtherance of the negotiations by which he and his associates hoped to secure the contract and intended to secure his compensation from that construction contract and not by payment for the plans by the defendants; and that the defendants used his foundation plans and did not award him the contract, and he claims in this action at law heavy damages for the alleged appropriation of his literary property, by which he says the defendants were unjustly enriched.

By his original bill of particulars (subdivision 2-a) plaintiff claims that the special features embodied in the foundation plans peculiar to his skill were: " The said plans contained methods of combining the loads due to two or more columns and methods of redistributing said combined loads through girders and grillages, so that the distributed load could be safely carried by the tunnel roof."

By his additional bill of particulars (paragraph 1) plaintiff states that the details and description of the methods alleged in said subdivision (a) of paragraph 2 are: " The methods which plaintiff

claims were the peculiar products of his special skill were the methods of designing structural elements of the building in which the load on one column was combined with the load on a second column through the medium of a girder, so that the total of the two loads could be treated as a single load, the combination of the two girders and the two columns being supported on a larger area sufficient in extent and of correct position to insure that the distribution of the load should be uniform and not exceed the safe load."

An inspection of the plans which form part of the bills of particulars and the concession of counsel on argument alike show clearly that what plaintiff claims to have contributed was simply the placing of a grillage over the roof of the tunnel, upon which grillage he placed girders upon which the supporting columns were set, thus distributing the load which the columns carried over the larger area upon which rested the girders and the grillage.

As to this method, his supplemental bill of particulars admits that he does not claim that the methods referred to " were original with the plaintiff."

On the contrary, he continues, " nor does he claim that they were unknown to other architects or engineers." It is specially to be noted that this concession of lack of originality relates not to the scientific abstraction upon which the methods were based, but to the actual methods themselves, which he states affirmatively were not unknown to other architects or engineers. Clearly, therefore, this is not a case where the plaintiff claims to have made an adaptation useful in an art of a known scientific abstraction; he claims only to have suggested an unoriginal method known to engineers and architects who practice the art.

Counsel are in substantial accord as to the only basis upon which plaintiff can possibly succeed. The Court of Appeals in *Bristol* v. *Equitable Life Assurance Society* (132 N. Y. 264) held that a party who took part in a negotiation and gives information to another party has no cause of action for the value of such information. LANDON, J., writes: " He had information which he hoped to market, but he parted with it without finding any market. * * * Without denying that there may be property in an idea, or trade secret or system, it is obvious that its originator or proprietor must himself protect it from escape or disclosure. * * * Defendant is at liberty to conduct its business in its own way; it obtained a valuable hint from the plaintiff and assumed no legal obligation to pay the plaintiff if it should conclude to act upon it."

To substantially the same effect are *Edwards* v. *Tennis* (190

App. Div. 478); *Fulton* v. *Varney* (117 id. 572); *Burnell* v. *Chown* (69 Fed. 993).

Indeed, the plaintiff's brief concedes " that while abstract ideas are not the subject of property right, the concrete expression of them will be protected," and he relies upon the statement in Corpus Juris (Vol. 13, p. 963, § 31) that " the artistic and literary property in plans and architectural drawings and specifications is in the architect and until publication, he has the exclusive right to license construction from them." With commendable frankness he admits that " merely suggesting that the. taller structure might be supported on the tunnel roof by distributing the loads of the various columns in a proper way, might not have given rise to a cause of action." He further admits: " To communicate that mere idea to the defendant might in itself have been to confer a great benefit upon them; however, we are prepared to concede that this, with nothing more, would have created no cause of action; it would have been but to. bestow a gratuity." He rests his case, as he must, upon the proposition that the defendants " after receiving the plaintiff's plans first made or caused to be made therefrom a set of foundation plans (the Post & McCord plans), which we claim embodied the essential features of the plaintiff's plans in such a manner as to be substantially a copy thereof, and then followed in detail, in the actual construction of the building, the said substantial copy of the essential features of the plaintiff's plans."

The crucial question here, therefore, is whether from the bills of particulars and from an examination of the plans I can say, as a matter of law, that there was no such substantial copying or use of the plaintiff's plans as to constitute the appropriation of literary property. In subdivision 3 of the additional bill of particulars the plaintiff limits his grievance to a claim that the Post & McCord plan shows " that in the construction of the foundations for the Pennsylvania Hotel the following columns were combined in pairs on girders following the same method of design which was employed by the plaintiff in his design " (then follows a list of seventeen pairs of columns). The bill further states that these columns were similar in appearance, similar in construction and method of construction and only differed in the details and proportions of the parts. The plaintiff's plan attached to the bill of particulars shows the tunnel area included between the lines of what is almost a triangle bounded by the line marked " line of the Pennsylvania railroad " and the line marked " Thirty-third street " on Schedule A referred to in plaintiff's bill of particulars. This

area, counsel concedes, corresponds with the area shown on the Post & McCord plan embraced between Thirty-third street on the white line marked " P. R. R. Tunnel " and the line of Seventh avenue. In these corresponding areas the Post & McCord Plan shows over seventy columns, the plaintiff's plan shows fifty-three. The columns on the two plans are not in the same arrangement and show entirely different sizes and groupings. The two plans show an appearance of absolute dissimilarity; the number of rows of columns and the number of columns in each row differ. The horizontal girders on the plaintiff's plan cover practically the entire tunnel area, while in defendants' plan there are large spaces between the groups of girders and other large spaces where there are no girders at all. On the plaintiff's plan all the combined columns are over the tunnel, whereas on the defendants' plan three such sets are not over the tunnel.

The limitations on his case made in the plaintiff's bills of particulars were, therefore, abundantly required by the necessities of the case. To sustain his contention of literary appropriation he can and does urge (in paragraph 1 of the additional bill of particulars) only that on seventeen pairs of columns out of nearly three hundred in the entire building the defendants used a known method of practical engineering, which plaintiff happened to indicate on ten pairs of columns in his plan (paragraph 4 additional bill) and which he does not claim was in any way created by or original with him. There is no suggestion of similarity in facade, elevation, floor layout, or anything other than the use of these seventeen pairs of girders and the grillage.

The contention in plaintiff's brief that a literal Chinese copy is not essential to a claim of infringement and that any substantial taking of an original idea gives rise to a cause of action is abundantly sustained by the authorities he cites. His difficulty here, however, is that the idea which the defendants used of combining a load on two columns by the use of a girder and grillage was not original with the plaintiff either in concept or in application to architectural art. There was, therefore, neither copying of a plan nor pilfering of an original idea.

The absence of any appropriation of literary property appears affirmatively from the concessions in the bills of particulars and the plans themselves. The motion to dismiss the complaint is granted.