MANUEL G. RODRIGUEZ, Respondent, *v.* WESTERN UNION TELE-GRAPH COMPANY, Appellant, Impleaded with POSTAL TELEGRAPH-CABLE COMPANY, Defendant.

First Department, April 5, 1940.

*John H. Waters* of counsel [*Francis R. Stark* and *Denis O'L. Cohalan*, attorneys], for the appellant.

*Mortimer Hays* of counsel [*Murray M. Cowen* and *Morris Gottlieb* with him on the brief], for the respondent.

PER CURIAM. Plaintiff's alleged idea or plan could not be made the subject of a property right in the absence of its protection by contract prior to disclosure. (*Bristol* v. *Equitable Life Assur. Society*, 132 N. Y. 264; *Williamson* v. *New York Central R. R. Co.*, 258 App. Div. 226.) We hold it established on this record that defendant Western Union Telegraph Company's agent, with whom the claimed oral agreement for compensation was made, had no authority on behalf of said defendant to make any binding contract such as is claimed herein either within the scope of express or apparent authority; and, assuming he had, there was no valid enforcible contract established, but at most, in legal effect, an agreement to make an agreement too indefinite to be legally enforced. (1 Williston on Contracts [Rev. ed.], §§ 45, 46, pp. 131–134; *Mayer* v. *McCreery*, 119 N. Y. 434; *Petze* v. *Morse Dry Dock & Repair Co.*, 125 App. Div. 267.)

The court charged the jury that plaintiff could recover only according to his pleadings and proof and only upon claims set forth in his complaint and bill of particulars. To that instruction plaintiff took no exception, but on such basis the court should have granted defendant's motion for a directed verdict as the claims set forth in the complaint and bill of particulars were not only not established by the proof but clearly disproved. Both the complaint and bill specified a proposed written plan. The written evidence established that plaintiff wrote defendant on September 15, 1930, outlining a ship-to-shore radio communication

service for travelers with prepared forms of message at a flat rate, and that defendant promptly advised plaintiff that such plan was not practicable for its use. After November 10, 1930, and until the service of the summons and complaint in this action on August 3, 1936, plaintiff had no further communication with defendant. The proof is indisputable that defendant never used or adopted plaintiff's ship-to-shore prepared message plan and the Tourate Service adopted by defendant five years after disclosure of plaintiff's claimed original idea was not plaintiff's alleged plan at all.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

Present — MARTIN, P. J., GLENNON, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.