DOROTHY T. STONE, Respondent, *v.* LIGGETT & MYERS TOBACCO COMPANY and NEWELL-EMMETT COMPANY, Appellants.*

First Department, November 1, 1940.

*Louis Nizer* of counsel [*Robert S. Benjamin* and *Seymour M. Peyser* with him on the brief; *Phillips & Nizer*, attorneys], for the appellants.

*Max Chopnick* of counsel [*Louis L. Garrell* and *H. I. Bucher* with him on the brief], for the respondent.

TOWNLEY, J. The complaint as it now stands consists of two causes of action. The first one sets out that the plaintiff submitted to the defendant Newell-Emmett Company, the advertising agency of the codefendant, an advertising idea embodied in a script. Plaintiff was paid $500. Thereafter the defendants are said to have used this script to advertise certain cigarettes and by these acts deprived the plaintiff of otherwise selling or licensing her compositions and benefiting from her labor.

* Revg. 172 Misc. 591.

The second cause of action, if it is to be taken as meaning anything further than what is pleaded in the first cause of action, seems to demand damages for the appropriation of an idea that has not been reduced to concrete form. The specific allegation of the complaint in this regard is:

"*Fifteenth*. That thereafter the defendants, without the consent, permission or approval of the plaintiff, wrongfully adopted, appropriated and used her aforesaid idea and plan and in connection therewith the said defendants expended large sums of money, the exact amounts thereof being unknown to the plaintiff, that the defendants derived considerable profits and benefits therefrom, and have refused and failed to pay to the plaintiff the fair and reasonable value of the aforesaid plan and idea."

It is familiar law that owing to the difficulties of enforcing such rights, the courts have uniformly refused to assume to protect property in ideas that have not been reduced to a concrete form. In *Williamson* v. *New York Central R. R. Co.* (258 App. Div. 226) the plaintiff wrote a letter to the defendant describing in detail a plan for the production of a miniature railroad exhibit at the New York World's Fair. The letter was acknowledged and thereafter the railroad held such an exhibit which seemed to follow the suggestions of the plaintiff. The plaintiff sued for compensation for the use of his idea. The court held that there was no express contract and no contract implied in law. The court said: " An implied contract to do so does not arise therefrom, because they merely contain an abstract idea which may not be made the subject of property right in the absence of protection thereof by an express contract prior to disclosure. (*Bristol* v. *E. L. A. Society*, 132 N. Y. 264.) " To the same effect, see *Rodriguez* v. *Western Union Telegraph Co.* (259 App. Div. 224). As pleaded the second cause of action is, therefore, insufficient in law.

It is also urged that the second cause of action should be dismissed as barred by the Statute of Limitations. The summons was served in June, 1934. This cause of action was added to the complaint in June, 1939. The events described occurred not later than June, 1931. Some eight years, therefore, elapsed between the occurrence of the events and the date when the present interpretation of these acts was put into the complaint and denominated the second cause of action. As we construe the pleading, the second cause of action is radically different from that originally set up in the complaint. Under the familiar doctrine of *Harriss* v. *Tams* (258 N. Y. 229), where a cause of action is introduced into a law suit upon a different obligation or liability and for different conduct from that specified in the original complaint, that new matter is

subject to the defense of the Statute of Limitations even though the summons in the action was served at such a time as would leave the matter set up in the original complaint not subject to the plea of the statute.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the second cause of action as insufficient in law and as barred by the Statute of Limitations granted, with leave to the defendants to answer within ten days after entry of order.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the defendants to answer within ten days after entry of order.