ARTHUR S. ALBERTS, Plaintiff, *v.* REMINGTON RAND, INC., Defendant.

Supreme Court, Special Term, New York County, November 22, 1940.

*Proskauer, Rose & Paskus* [*David Katz, Wilbur H. Friedman* and *Albert Solodar* of counsel], for the plaintiff.

*Franchot & Schachtel* [*Alfred L. Becker* of counsel], for the defendant.

KOCH, J. The authorities relied upon by the plaintiff in support of his contention that the present motion for judgment on the pleadings dismissing the second cause of action is not timely are inapplicable here. They apply only to motions for judgment on the pleadings addressed by a plaintiff to the sufficiency of defenses and counterclaims. The distinction is pointed out by Mr. Justice PAGE, writing for the Appellate Division in this department, in *Koppel Industrial C. & E. Co.* v. *Portalis & Co., Ltd.* (205 App. Div. 144). The court there held that a motion for judgment on the pleadings dismissing one of a number of causes of action set forth in a complaint may be made at any time and that decisions holding that a plaintiff may not move for judgment dismissing counterclaims in answers which also contain denials of material allegations of the complaint are not in point (pp. 145–146). It

follows that the present motion for judgment on the pleadings dismissing the second cause of action must be considered on the merits.

The first cause of action proceeds upon the theory that the defendant appropriated an original idea of the plaintiff but failed to comply with its agreement to pay plaintiff $8,000 in the event that it adopted plaintiff's idea after examining the same. No attack is made upon the sufficiency of this cause of action.

The second cause of action goes on the theory that there was no express agreement between the parties for the payment of money to the plaintiff in the event that the defendant adopted his idea. It seeks to hold defendant liable for the reasonable value of plaintiff's idea on the theory of an implied contract. In the absence of an express agreement the originator or proprietor of an idea, trade secret or system which cannot be sold, negotiated or used without disclosure, cannot hold another liable if he uses the idea for his own benefit. (*Bristol* v. *Equitable Life Assur. Soc.*, 132 N. Y. 264.) Only where the idea has been reduced to concrete form prior to its disclosure to and appropriation by the defendant may recovery be had upon an implied contract. (*Stone* v. *Liggett & Myers Tobacco Co.*, 260 App. Div. 450; *Williamson* v. *New York Central R. R. Co.*, 258 id. 226; *Rodriguez* v. *Western Union Telegraph Co.*, 259 id. 224.) Plaintiff concedes that no recovery may be had for appropriation of an abstract idea not reduced to concrete form in the absence of an express contract protecting him but maintains that the second cause of action does allege that the plaintiff's idea had been reduced to concrete form. Examination of the complaint reveals, however, that all that plaintiff submitted to the defendant was a written suggestion that the latter make a chart or graph of the directions in which the hairs on each individual's face grow and issue the resulting graphs to its customers and prospective customers as an aid in the sale and use of the defendant's razors. (¶ ninth of the complaint, realleged in ¶ sixteenth ) These allegations do not establish the appropriation of an abstract idea reduced to concrete form. The situation is similar to that which obtained in *Bristol* v. *Equitable Life Assur. Soc.* (*supra*), where the plaintiff in a written communication to the defendant outlined a " system " for soliciting life insurance. In *Williamson* v. *New York Central R. R. Co.* (*supra*) the plaintiff had described in writing a plan for the promotion of a miniature railroad exhibit and yet the court held that " plaintiff's idea never took on concrete form at the time of disclosure," so that no implied contract arose between the parties. In *Rodriguez* v. *Western Union Telegraph Co.* (*supra*) there was likewise a written description of the plaintiff's plan or scheme notwithstanding which the court held that " Plaintiff's

alleged idea or plan could not be made the subject of a property right in the absence of its protection by contract prior to disclosure " (p. 225).

The case of *Ketcham* v. *New York World's Fair 1939, Inc.* (34 F. Supp. 657), is distinguishable in that there plaintiff's idea had been reduced to concrete form consisting of a color chart with a written description and set of directions accompanied by a complete color plan or map of the fair and numerous suggestions for the application and use of the color design. *Healey* v. *R. H. Macy & Co.* (251 App. Div 440; affd., 277 N. Y. 681) is also distinguishable in that the defendant there was held to have appropriated certain advertising slogans which had been reduced to written form. *Palmer* v. *DeWitt* (47 N. Y. 532) involved an appropriation of a playwright's manuscript. *New Era Electric Range Co.* v *Serrell* (252 N. Y. 107) involved the appropriation of a patentable device for improving electric heaters. In *Tabor* v. *Hoffman* (118 N. Y. 30) a written pattern of a pump was used. In *Margolis* v. *National Bellas Hess Co., Inc.* (139 Misc. 738) a dress design created by the plaintiff was appropriated by the defendant. *Jenkins* v. *News Syndicate Co., Inc.* (128 Misc. 284) related to the appropriation of an article composed by the plaintiff. In *Larkin* v. *Pennsylvania R. R. Co.* (125 Misc. 238) it was pointed out that plaintiff could recover in the absence of an express contract only if defendant had appropriated the essential features of written plans submitted by the plaintiff in such a manner as to substantially copy the same (p. 241). Plaintiff there conceded that had his ideas not been embodied in written plans, he would not be entitled to recover.

In the court's opinion the allegations of the second cause of action, considered in the light of the authorities above referred to, fail to establish that plaintiff's idea or plan was reduced to such concrete form that he could recover from the defendant for the latter's appropriation thereof on the theory of an implied contract.

The motion for judgment on the pleadings dismissing the second cause of action is accordingly granted, with leave to amend within ten days from the service of a copy of the order with notice of entry.