AMERICAN MINT CORPORATION, Appellant, *v.* EX-LAX, INC., Respondent.

First Department, December 19, 1941.

*George E. Netter* of counsel [*A. Joseph Geist* with him on the brief; *Geist & Netter*, attorneys], for the appellant.

*Joshua Edelman* of counsel [*Irvin A. Edelman* and *Isidor Enselman* with him on the brief; *Edelman & Edelman*, attorneys], for the respondent.

GLENNON, J. Plaintiff has appealed from an order entered at Special Term, New York county, whereby defendant's motion for judgment on the pleadings was granted to the extent of dismissing, as insufficient in law, the second cause of action set forth in the amended complaint. For the purpose of this motion, the following summary of the facts, which are alleged in the second cause of action, must be conceded to be true:

(a) For a long time prior to October 1, 1938, plaintiff was, and ever since that date has been, thoroughly experienced in the manufacture, packaging and marketing of compressed candy tablets, and was and is expert therein. (b) Prior to October 1, 1938, defendant had no experience in and was not expert in the manufacture, packaging or marketing of compressed candy tablets, although defendant was engaged in the business of manufacturing certain candy tablets having medicinal or laxative properties, but

not compressed candy tablets. (c) Prior to October 1, 1938, defendant planned and desired to go into the business of marketing, selling and distributing anti-acid compressed candy tablets. (d) Between October 1, 1938, and January 31, 1939, at the special instance and request of the defendant, the plaintiff gave advice, suggestions and ideas to defendant with respect to the manufacture, design, packaging, labeling and marketing of anti-acid compressed candy tablets to be known as " Jests." (e) The giving of such advice, suggestions and ideas by plaintiff to defendant included advice as to the design of the tablet, punch to be used in connection therewith, size of the tablet, number of tablets to be included in the package, size of package, wrapping of tablets, labeling of tablets and the boxing of said tablets, and with respect to the display box. (f) The defendant accepted such suggestions, ideas and advice by plaintiff and utilized them in connection with the manufacture, design, packaging, labeling, marketing, distribution, sale and advertising of the anti-acid compressed candy tablets known as " Jests " through its subsidiary corporation, Jests, Inc., formed for that purpose. (g) The fair and reasonable value of the advice, suggestions and ideas so furnished to defendant by plaintiff and accepted and utilized by defendant is not less than $25,000, no part of which sum has been paid, and there is now due and owing from defendant to the plaintiff the sum of $25,000.

Defendant contends, in brief, that because of the failure of the plaintiff to allege an express contract between the parties for the payment of money to the plaintiff in the event its ideas were adopted, the second cause of action, as pleaded, is insufficient. With that contention we are not in accord. It must be remembered that the advice, suggestions and ideas, according to the amended complaint as amplified by the bill of particulars, were given by plaintiff at the special instance and request of the defendant.

In connection with the advice, suggestions and ideas plaintiff was required to render certain services for the defendant. While no express agreement was made for the payment of the services as rendered, still it is only fair to assume that there was an implied understanding between the parties that plaintiff was to be compensated.

The situation here presented is somewhat similar to that which we considered in *Healey* v. *Macy & Co., Inc.* (251 App. Div. 440; affd., 277 N. Y. 681). There the plaintiff showed, and the jury by its verdict found, that Healey had furnished, as the court at Trial Term charged, " an original, novel idea or scheme or plan for Christmas advertising which was used by the defendant." There, in the

first instance at least, R. H. Macy & Co. did not request Healey to furnish the plan or scheme. Nevertheless, having adopted it, while there was no express agreement as to the amount of money Healey was to be paid, the jury made a rather substantial award. After the verdict had been rendered in favor of the plaintiff the court set it aside and dismissed the complaint. When the case was considered by this court we determined that, while there was no express agreement as to the amount of the compensation, still the jury, upon the facts before it and the law which was applicable thereto, was well within its rights in making an award in favor of the plaintiff. Consequently, we reversed the judgment setting aside the jury's verdict and dismissing the complaint, and directed that the verdict of the jury be reinstated. Our conclusion was affirmed by the Court of Appeals.

It should be observed that in setting aside the verdict and dismissing the complaint in *Rodriguez* v. *Western Union Telegraph Co.* (259 App. Div. 224; affd.; 285 N. Y. 667) we had under consideration not only the pleadings but the proof which was adduced at the trial. There we pointed out that the so-called agent of the defendant had no authority to make a binding contract on behalf of the defendant. Furthermore, the defendant in that case "never used or adopted plaintiff's ship-to-shore prepared message plan." A somewhat similar situation obtained in *Bristol* v. *Equitable Life Assurance Society* (132 N. Y. 264). There the plaintiff asserted that he had unfolded a certain plan of advertising to the defendant while seeking employment with it. His theory was that he was entitled to an accounting because the company had adopted the plan and by the use thereof had increased its business. No claim was advanced on the part of the plaintiff in that case that the services were rendered at the special instance and request of the defendant.

Since we have reached the conclusion that facts sufficient to constitute a cause of action are set forth in the second cause of action, the order, in so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the second cause of action denied.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the motion to dismiss the second cause of action denied.