## PLUS PROMOTIONS, INC., et al. v. RCA MFG. CO., Inc.

District Court, S. D. New York.

March 5, 1943.

Cowen & Narker, of New York City (Murray M. Cowen, of counsel), for plaintiffs.

Wright, Gordon, Zachary, Parlin & Cahill, of New York City (Harold S. Glendening and Oleg Peter Petroff, both of New York City, of counsel), for defendant.

RIFKIND, District Judge.

■ The first cause of action fails to state a claim upon which relief can be granted. The promise alleged is too indefinite for enforcement. It is not quite clear whether, as plaintiff contends, the complaint alleges a promise by defendant to appoint plaintiffs its agents and exclusive licensees or whether, as defendant contends, it alleges a promise to sell musical records to plaintiffs "for resale" to their customers. If the former is intended, the promise lacks a provision for compensation. If the latter is intended, no price is specified. A promise so uncertain cannot afford a basis for the recovery of damages for its breach. Williston on Contracts, Revised Edition, Vol. 1, pp. 131–141.

In the second cause of action plaintiffs allege that, at the request of the defendant, they disclosed a plan, in detailed and concrete form, for increasing the sale of musical records manufactured by defendant; that the plan was conceived by plaintiffs and was novel; that they disclosed the plan to defendant after offering to do so "upon condition that the defendant granted to the plaintiffs the exclusive right to sell and distribute all of its aforesaid recordings of classical music made in accordance with plaintiffs' plan * * * to enable the plaintiffs to carry on their business of promoting, stimulating and increasing newspaper circulation throughout the United States"; that without plaintiffs' consent defendant appropriated the substance of the plan; that the reasonable value of the plan is $150,000, for which plaintiffs demand judgment.

■ The theory of the second cause of action is that defendant is answerable for its implied promise to pay plaintiffs the reasonable value of the plan which it has appropriated. Such an action will lie, under the law of New York, if the idea is novel and is divulged in concrete form under circumstances indicating that compensation is expected if the idea is used. American Mint Corp. v. Ex-Lax, Inc., 1941, 263 App.Div. 89, 31 N.Y.S.2d 708; Cole

v. Lord, 1941, 262 App.Div. 116, 28 N.Y. S.2d 404; Williamson v. New York Central Railroad Co., 1939, 258 App.Div. 226, 16 N.Y.S.2d 217.

The mere allegation of novelty and concreteness is not sufficient to preserve a complaint if the idea described manifestly lacks those attributes. Larkin v. Penn. Railroad Co., 1925, 125 Misc. 238, 210 N. Y.S. 374, affirmed 216 App.Div. 832, 215 N.Y.S. 875; Lueddecke v. Chevrolet Motor Co., 8 Cir., 1934, 70 F.2d 345.

The statement of the general principle does not solve the problem posed by the complaint here challenged. It only opens the inquiry: What standards determine whether an idea is novel, whether its form is concrete? Since these are matters of degree it is not to be expected that the authorities would afford a very precise measure. However, by charting a few of the most relevant precedents, we can more readily determine whether the complaint herein falls within or without the area of protection for the originators of business ideas.

In Moore v. Ford Motor Co., 2 Cir., 1930, 43 F.2d 685, 686, the court went no further than to state, "We may assume, without the necessity of decision, that the originator of a novel method of merchandising acquires a right akin to that recognized in the law in respect to a trade secret". It affirmed the judgment below, dismissing the complaint, by accepting a finding of fact that defendant had not obtained the idea from the plaintiff.

In Booth v. Stutz Motor Car Co., 7 Cir., 1932, 56 F.2d 962, the court held, according to the headnote, that "one whose plans, communicated confidentially to automobile manufacturer, entered into design of new car [was] entitled to accounting of damages and profits to extent that novel features of such plans contributed to car's success and designer was harmed".

In Cole v. Lord, Inc., 1941, 262 App.Div. 116, 28 N.Y.S.2d 404, 409, the court reversed a judgment dismissing the complaint and held, inter alia, that plaintiff was entitled to go to the jury on the theory of implied contract where the evidence showed that he had delivered a formula for a radio program under circumstances requiring good faith on the part of the defendant. "If it was used, he had a right to its reasonable value as determined by the jury".

In American Mint Corp. v. Ex-Lax, Inc., 1941, 263 App.Div. 89, 31 N.Y.S.2d 708, it was held that a cause of action was stated in the complaint which alleged that the plaintiff, at the request of the defendant, gave it advice and ideas with respect to the manufacture and marketing of a candied tablet and that the defendant used such advice and ideas, which were of a specified value, notwithstanding the failure to plead an express contract for compensation.

In Larkin v. Pennsylvania R. R. Co., 1925, 125 Misc. 238, 210 N.Y.S. 374, affirmed 216 App.Div. 832, 215 N.Y.S. 875, the complaint was dismissed on a motion for judgment on the pleadings. There the court found from the bill of particulars the absence of any appropriation by the defendant.

In Alberts v. Remington Rand, Inc., 1940, 175 Misc. 486, 23 N.Y.S.2d 951, a motion by defendant for judgment on the pleadings was granted on the court's view that the idea alleged to have been appropriated had not been reduced to concrete form.

In Lueddecke v. Chevrolet Motor Co., 8 Cir., 1934, 70 F.2d 345, the court held that a demurrer to the complaint was properly sustained where the court was not persuaded that the idea was novel and where it found that the pleadings and correspondence failed to disclose circumstances from which a promise to compensate could be implied.

A case very much like the one at bar is Williamson v. N. Y. C. R. R. Co., 1939, 258 App.Div. 226, 16 N.Y.S.2d 217, decided by the Second Department. There the court reversed an order denying defendant's motion for summary judgment where it appeared that plaintiff wrote a letter to the defendant describing in detail a plan for the production of a miniature railroad exhibit at the New York World's Fair. The letter was acknowledged and thereafter the defendant held such an exhibit which seemed to follow the suggestions of the plaintiff. The plaintiff sued for compensation for the use of his idea. The court held there was no express contract and none implied in law. The idea being abstract and not having taken on concrete form it was unnecessary, said the court, to consider whether it was novel.

This case was cited with approval by the First Department in Stone v. Liggett &

118

Myers Tobacco Co., 1940, 260 App.Div. 450, 23 N.Y.S.2d 210. In the latter case the court likewise reversed an order denying a motion to strike out a complaint seeking damages for appropriating an idea suggested in an advertising script. The ground assigned by the court was that the idea had not been reduced to concrete form. None of the New York cases challenges the authority of Bristol v. Equitable Life Assurance Society, 1892, 132 N.Y. 264, 30 N.E. 506, 28 Am.St.Rep. 568. It held demurrable a complaint which alleged that plaintiff had confidentially disclosed to defendant a system of selling insurance which defendant adopted and thereby obtained a large amount of business. The court thus summarized its view in a hypothetical case: "A wishes to sell his house and lot. B tells him in confidence that C desires to buy it, and B solicits employment to negotiate the sale. A declines, but, acting upon B's communication meets C, and himself negotiates and closes the contract of sale. B has no cause of action against A. He had information which he hoped to market, but he parted with it without finding any market". 132 N.Y. at page 268, 30 N.E. at page 507, 28 Am.St.Rep. 568.

In the case at bar, the substance of plaintiffs' plan is described in an exhibit annexed to the complaint. The bill of particulars, however, makes it clear that that exhibit was never actually delivered to defendant. The plan was in substance disclosed orally. As described in the exhibit the plan suggested that defendant induce world famous artists to produce recordings without royalty, "their compensation to be on the reasonable value of their services", that the recordings be sold without the names of the artists annexed to them, at "a price so low as to be able to be afforded by persons of low and modest means". Sale and distribution were to be effected not by dealers but by newspapers "as a cultural and civic service".

Such an idea, it seems to me, has no more concreteness than was present in the Williamson case or in the Stone case.

The claim asserted in the second cause of action falls within the rule, as defined by the New York courts, that in the absence of an express contract, "owing to the difficulties of enforcing such rights, the courts have uniformly refused to assume to protect property and ideas that have not been reduced to a concrete form".

Stone v. Liggett & Myers Tobacco Co., supra.

Indeed, the facts fall squarely into the pattern of the hypothetical case suggested in Bristol v. Equitable Life Assurance Society, supra. Defendant wishes to sell its records. Plaintiffs tell it in confidence that newspapers would buy the records if the price were substantially reduced by eliminating royalties and they solicit employment as defendant's agents to negotiate the sales. Defendant declines, but acting on plaintiffs' communication itself arranges the sales. For such conduct plaintiffs are without remedy.

The complaint is dismissed. Leave to amend is granted. Submit order.