VIRGINIA BAILEY, Plaintiff, *v.* HABERLE CONGRESS BREWING CO., INC., Defendant.

Municipal Court of the City of Syracuse, September 30, 1948.

*Arnold A. Dettor* for plaintiff.

*Walter J. Welch* for defendant.

SKERRITT, J. The plaintiff has brought this action to recover damages in amount of $3,000 for defendant's alleged breach of an implied contract to pay for an advertising slogan. It appears that plaintiff was formerly interested in advertising, and from time to time obtained from defendant's manager small advertisements for a magazine. Subsequently, on June 1, 1947, she told him that she had in mind a slogan for advertising Haberle beer. He asked what it was, and she said " Neighborly Haberle ", and explained how it could be used in an advertising campaign. He said they were not interested. But two

months later defendant came out with an extensive advertising campaign featuring this slogan; and refused plaintiff's claim for compensation.

It is admitted that this is a valuable slogan; and that it is customary to pay the originator of such an idea or slogan where it is new, original, in concrete form, and is disclosed under circumstances indicating that it is to be paid for if used. Plaintiff relies on this custom, does not claim any express contract, nor that she submitted any sketch or advertising layout. Her action is based on her alleged property right in this slogan, defendant's profitable use of it, and a resulting implied contract for compensation.

Defendant's evidence tended to show that soon after this idea was mentioned by the plaintiff the same slogan was submitted by defendant's local advertising agency, with pictures and a complete advertising layout; that defendant did not approve the slogan nor recognize its value until it was thus illustrated and developed; and that no mention or use was ever made of the plaintiff's idea.

The first question of fact, therefore, is whether this slogan, and the idea of using it in advertising, came from the plaintiff or from the advertising agency. After reviewing the evidence, and giving the plaintiff full credit for her unquestioned integrity, I see no good reason for rejecting the testimony of defendant's principal witnesses. Though interested, they are reputable men, and much of their evidence was not directly in conflict with the plaintiff's testimony. In my opinion the defendant got this idea and slogan from its advertising agency rather than from the plaintiff. Consequently, as a matter of fact, the plaintiff cannot recover in this action.

If, however, I am wrong about the facts, and defendant did get this slogan from the plaintiff, it is still difficult to see how she could recover as a matter of law. She disclosed this slogan to the defendant merely as an idea, oral and abstract, without any advertising layout on paper to give it concrete form; and she did this voluntarily and unsolicited, without the protection of any express agreement. Under such circumstances she cannot recover. The rule is that an abstract idea, if not covered by an express contract, can be the subject of private property only when embodied in concrete form. And even then the plaintiff must show that the idea was novel and original, and was disclosed under circumstances indicating that compensation was expected. (*Alberts* v. *Remington Rand, Inc.*, 175 Misc. 486; *Bristol* v. *Equitable Life Assur. Soc.*, 132 N. Y. 264;

*Williamson* v. *New York Central R. R. Co.,* 258 App. Div. 226; *Grombach Productions* v. *Waring,* 293 N. Y. 609.)

In the *Remington Rand* case (*supra*) plaintiff submitted to defendant a voluntary suggestion in writing that the sale of razors might be promoted by a chart showing how hair grows on a man's face. It was held that plaintiff could not recover in the absence of an express agreement. In the *Bristol* case, cited above, the plaintiff submitted to defendant, unsolicited, a valuable new idea for selling life insurance, which defendant adopted and used. Holding that plaintiff could not recover in the absence of an express contract, the Court of Appeals said (pp. 267–268): "Defendant is at liberty to conduct its business in its own way; it obtained a valuable hint from the plaintiff and assumed no legal obligation to pay * * * if it should conclude to act upon it."

In the *Williamson* case (*supra*) plaintiff voluntarily disclosed to defendant a novel idea, which defendant used, for showing a minature railroad at the World's Fair. Plaintiff failed to recover on an implied contract because the court held that the idea, being abstract and not in concrete form, could not be the subject of an enforcible property right. In *Grombach Productions* v. *Waring* (*supra*) decided in 1944, it was alleged that plaintiff, as a part of its regular business, originated and voluntarily submitted to defendant a novel and original idea for attracting radio listeners, which defendant used in part. Having no express contract, plaintiff supported its theory of an implied contract by evidence of a trade custom that ideas thus submitted would be paid for if used. Plaintiff succeeded in the trial court and in the Appellate Division. But the Court of Appeals, reversing, held that (p. 616), regardless of such alleged custom, this "gratuitous, unsolicited disclosure * * * unprotected by contract, does not create an enforcible contract implied in law."

Plaintiff's counsel has emphasized the case of *Healy* v. *Macy & Co.* (251 App. Div. 440, affd. 277 N. Y. 681). In this case plaintiff submitted to defendant three slogans for a Christmas advertising campaign, one of which the defendant used, "A Macy Christmas Means a Happy New Year". Plaintiff recovered a verdict, which was set aside by the trial judge, reinstated by the Appellate Division, and affirmed by the Court of Appeals. But an examination of the record on appeal (Court of Appeals Record and Briefs) discloses facts quite different from those in the case at bar. In the *Macy* case

(*supra*) plaintiff submitted to defendant not merely a slogan, but a full and complete advertising plan in writing, featuring the slogan, with drawings and sketches, and 200 words of carefully phrased advertising material. Also plaintiff alleged in his complaint and bill of particulars, and in his testimony at the trial, that before he disclosed his slogan to defendant he obtained a protecting express oral contract that it would be paid for if used. While the case was not tried on this theory of an express contract, still the entire case went to the jury, and plaintiff's claim of an express contract may have affected the verdict. As the Appellate Division said (p. 441), reinstating the verdict, " The issue * * * was strictly one of veracity * * *."

This view of the case is not inconsistent with the subsequent discussion of it by the same court in *American Mint Corp.* v. *Ex-Lax, Inc.* (263 App. Div. 89).

The case of *Cole* v. *Lord, Inc.* (262 App. Div. 116), cited by the plaintiff, is based on an express contract. The court said (p. 121), citing the *Healy* case (*supra*): " We are clearly of the view that plaintiff established *prima facie* an express contract under which he had intrusted his work to defendant." Subsequent comment in the opinion as to an implied contract refers in part to a relationship of trust and confidence. Nor is the plaintiff in the instant case benefited by the decision in *Stone* v. *Liggett & Myers Tobacco Co.* (260 App. Div. 450, 451) in which the court said: " It is familiar law that owing to the difficulties of enforcing such rights, the courts have uniformly refused to assume to protect property in ideas that have not been reduced to a concrete form." As to the case of *American Mint Corp.* v. *Ex-Lax, Inc.* (263 App. Div. 89, *supra*), the ideas which plaintiff furnished to defendant were accompanied by personal services, given at defendant's request; and plaintiff's claim was based on an implied contract to pay for services as well as ideas. (For a further discussion see 31 Corn. L. Q. 382. And for an interesting criticism, 40 Ill. L. Rev. 130.)

Complaint dismissed. Judgment for defendant, with costs.