Jacob Markowitz, J.
Defendant Lafayette National Bank of Brooklyn in New York moves for dismissal of the first cause of action asserted on behalf of the plaintiff Beadle and further for an order directing the severance of that cause of action. In three causes asserted against the moving defendant and in four causes asserted against the codefendant on behalf of the plaintiff Cohen, he claims to be entitled to the recovery upon one or more theories of brokerage commissions in the securing of the defendant, Merrill Lynch, as a tenant for the second floor of a building to be erected by the defendant bank.
Plaintiff Beadle has no interest in those causes of action. In the sole cause asserted by him against the moving defendant bank, he alleges that prior to March, 1959, defendant bank did *718 plan to erect a one-story building upon the property in issue. Plaintiff did conceive a plan and idea that a second story should be built and should be leased for a term of years to the defendant Merrill Lynch. In March, 1959, plaintiff “ did privately communicate said plan and idea to the defendant, Lafayette Bank, in expectation of compensation therefor ’ ’. That defendant did adopt and appropriate the plan and idea ‘ ‘ knowing that plaintiff R. Cameron Beadle, expected to be compensated therefor ’ ’. It is further alleged that such a plan and idea were of great value to the defendant bank since, among other things, the value of the property would be increased thereby over and above the cost of construction of the second floor and the banking business of the bank would be increased because of its ready access to the brokerage customers of Merrill Lynch. He seeks to recover the value of the plan and idea in the sum of $500,000. Accordingly, plaintiff appears to be alleging upon an implied contract for the confidential disclosure of an idea.
There is no property right in an idea which is not novel. There must be protection by contract before there is disclosure and a defendant is not obligated after plaintiff parts with the idea in the absence of such protection. In Bristol v. Equitable Life Assur. Soc. of N. Y. (132 N. Y. 264) the court stated (pp. 267-268):
‘i Without denying that there may be property in an idea, or trade secret or system, it is obvious that its originator or proprietor must himself protect it from escape or disclosure. If it cannot be sold or negotiated or used without a disclosure, it would seem proper that some contract should guard or regulate the disclosure, otherwise it must follow the law of ideas and become the acquisition of whoever receives it. (Peabody v. Norfolk, 98 Mass. 452.)
“ The allegation of the complaint that the defendant disclosed the system in confidence to the defendant is vague. It does not necessarily mean that the defendant agreed not to use it; it may mean something else. Defendant is at liberty to conduct its business in its own way; it obtained a valuable hint from the plaintiff and assumed no legal obligation to pay the plaintiff if it should conclude to act upon it.
‘ ‘ Plaintiff communicated his system without marketing it. It was valuable to the defendant. But what has plaintiff lost thereby? He alleges nothing more than the loss of the sale to a single party who refused to buy. * * * He does not allege that his system was marketable or might have been made so but for the use made of it by defendant.”
*719 In this instance the idea may be deemed to be novel as a matter of pleading since it was not merely that a second floor be added to the proposed building but that such second floor should be let to the codefendant to secure the specific and peculiar advantages which such a letting would produce. However, the allegation that the idea was privately communicated is itself not enough, even though it is additionally alleged that plaintiff parted with the idea in expectation of compensation, the defendant knowing that plaintiff expected to be compensated. The additional allegations do not afford the protection of implied or express contract not to use without payment.
With respect to the application for severance, the plaintiff Cohen may recover whether or not the plaintiff Beadle conceived and disclosed the idea to the moving defendant. There is no overlapping of causes. Cohen must prove basis for right of recovery of brokerage commissions or damages while Beadle must prove disclosure and adoption of an idea under circumstances obligating the moving defendant to pay the value thereof.
Accordingly, the motion is granted in all respects and upon the service of a copy of the order to be entered plaintiff Beadle may have 20 days to serve an amended complaint in his severed action.