## BOWEN v. YANKEE NETWORK, Inc., et al.
### No. 1359.

District Court, D. Massachusetts.

July 13, 1942.

Nathan Fink, of Boston, Mass., for plaintiff.

Norman F. Fermoyle, of Boston, Mass., for defendant.

FORD, District Judge.

The defendants have filed motions to dismiss the plaintiff's complaint on the ground that it fails to state a claim upon which relief may be granted.

The complaint alleges the following facts:

The plaintiff is a citizen of Rhode Island and the defendants are corporations of Massachusetts and Illinois, respectively; that on or about May 16, 1938, the plaintiff conceived and devised a new and novel idea for a "Radio Presentation"; that on May 19, 1938, the plaintiff presented and submitted the original of the plan for a "Radio Presentation" in manuscript to an agent of the defendant, William Wrigley, Jr., Company (hereinafter referred to as Wrigley); the agent examined the plaintiff's plan and acquired knowledge of it; after some delay the manuscript containing the plaintiff's plan was returned as unacceptable; the defendant Wrigley, by its agents, disclosed the plaintiff's plan to the defendant, The Yankee Network, Inc.; beginning January 14, 1940, and weekly thereafter, the defendants caused a radio presentation entitled "Spreading New England Fame" which contains all the features and ideas set forth in the plaintiff's creation to be broadcast over a chain of radio stations controlled and operated by the defendant, The Yankee Network, Inc., under the sponsorship of and advertising the product of the defendant Wrigley.

A copy of the plan for a "Radio Presentation" is attached to the complaint. It reads as follows:

"The following is submitted as a proposal for a radio program of thirty or sixty minutes duration.

"This broadcast taking place in a different large city each week through the facilities of the network. The artists would include famous names in comedy, song and drama to be worked into a program of smart dance music played by an orchestra

of forty-five musicians chosen from the finest musical artists in each of the cities included in the radio itinerary. These musicians to be chosen by the conductor Reggie Bowen.

"The plan to create tremendous public appeal would be to announce each week during the broadcast, that to the orchestra or rather to the group of musicians chosen by the public in a mail response, a radio contract would be given at the end of the current broadcast season.

"Plan of Operation—

"The conductor Reggie Bowen would go to the first city from which the broadcast would emanate. Spend one week picking out the best musical talent of that city to the required number, rehearsing this group for the radio presentation on Friday evening. The name artists [sic] to appear in the designated city one day before the broadcast to add their part to the rehearsal. This plan would be carried out with the cooperation of the American Federation of Musicians in whose jurisdiction these shows would take place, thereby creating a tremendous local interest for that particular week. Each week this plan to be repeated in another city, the schedule of which would be arranged in advance.

"The cost of this plan to put into operation would be far less than using New York musicians by reason that scale price in different cities varies and in doing this would allow greater profit to the network using this plan.

"These programs would be presented in each of the large cities in a theatre or auditorium and inviting the public to attend and admitted to the performance by passes given by the company sponsoring the broadcast.

"This method of presenting these radio programs would have a large circulation value, vital to every form of advertising.

"Summing up briefly, this idea is to present a radio program using talent belonging to the localities in which the show is presented with the exception of the stars of the show".

## Conclusions.

I think that the defendants' motions to dismiss the complaint should be granted. There is no allegation in the complaint that the defendants secured the plaintiff's idea wrongfully. The complaint alleges that the plaintiff voluntarily submitted his "idea" to the defendant Wrigley's agent and that the defendant Wrigley subsequently appropriated his "idea". There is no allegation in the complaint of any breach of trust on the part of the defendants, nor any allegation of breach of contract on their part. The complaint in substance merely claims that an idea was transmitted to the defendant Wrigley and was subsequently used by both defendants. There is no correspondence or other evidence before me from which it could be inferred that the disclosure of the plaintiff's idea to Wrigley was made under such circumstances as to imply any limitation upon the use of it by that company. Cf. Moore v. Ford Motor Co., 2 Cir., 43 F.2d 685. There is no allegation in the complaint that the idea was submitted with any obligation on the part of the defendant Wrigley to pay for the plan if it was used.

Assuming the plaintiff could have protected his idea by contract (Bristol v. Equitable Life Assurance Society of New York, 132 N.Y. 264, 30 N.E. 506, 28 Am.St. Rep. 568; Moore v. Ford Motor Co., supra, 43 F.2d page 686), he failed to do so, and when he voluntarily communicated his idea, whatever interest he had in it became common property. Affiliated Enterprises, Inc., v. Gruber et al., 1 Cir., 86 F.2d 958, 961; Lueddecke v. Chevrolet Motor Co., et al., 8 Cir., 70 F.2d 345, 349; Hamilton Mfg. Co. v. Tubbs Mfg. Co. et al., D.C., 216 F. 401, 404; Moore v. Ford Motor Co., D.C., 28 F. 2d 529.

The plaintiff's plan for a "Radio Presentation" was not a literary composition, but merely an idea or scheme. The plaintiff does not allege that his work is copyrighted, nor does he maintain that it could be.

The plaintiff maintains that he has a common-law property right in the plan and that it cannot be appropriated by the defendants with impunity. There is no property right in mere ideas. Drone on Copyright, pp. 98, 385. Ideas not reduced to concrete form are not protected. Stone v. Liggett & Myers Tobacco Co., 260 App. Div. 450, 23 N.Y.S.2d 210; Rodriguez v. Western Union Telegraph Co., 259 App. Div. 224, 18 N.Y.S.2d 759. Such a right can only exist in the arrangement and combination of the ideas, i. e., in the form, sequence, and manner in which the composition expresses the ideas, not the ideas themselves. The use by the defendants of

the general ideas of the plaintiff, under the circumstances here, gives the plaintiff no right of action. Cf. Stone v. Liggett & Myers Tobacco Co., supra. The cases cited by the plaintiff, Liggett & Myers Tobacco Co., Inc., v. Meyer, 101 Ind.App. 420, 194 N.E. 206, and Thompson v. Famous Players-Lasky Corporation et al., D. C.Ga., 3 F.2d 707, are cases where the ideas have been reduced to concrete form and distinguishable on that ground from the present case.

There is no allegation in the complaint as to how or where the plan for a "Radio Presentation" was submitted to the defendant Wrigley or where it was broadcasted and the parties have not argued any difference between the general law with respect to the issues involved and that of any particular state.

The plaintiff's failure to state a claim upon which relief may be granted compels allowance of the defendants' motions to dismiss. No costs.