## O'BRIEN v. RKO RADIO PICTURES, Inc.

District Court, S. D. New York.

May 2, 1946.

Richard J. Mackey, of New York City, for plaintiff.

Gordon E. Youngman, of New York City (T. Latta McCray, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Defendant moves for judgment on the pleadings upon the ground that the complaint herein fails to state a claim against the defendant.

The essential allegations of the complaint (assumed to be true for the purpose of this motion) are the following: That prior to July 24, 1942, the plaintiff prepared, originated and submitted to the defendant a certain motion picture idea as to a motion picture built around the colorful story of the Palace Theatre and the old vaudeville characters familiar in the days when the Palace Theatre was the shrine of the vaudeville profession.

It is further alleged, on information and belief, that the defendant examined and copied the idea and thereafter returned it to the plaintiff with the statement that it could not accept such unsolicited material. That, nevertheless, defendant appropriated and used the said idea by incorporating it into the motion picture "Show Business" starring Eddie Cantor.

Exhibit A attached to the complaint is the form in which the idea was exhibited to the defendant.

No claim of infringement of any copyright is made. So that the court is called

upon to determine whether as a matter of law plaintiff's idea was literary property and as such entitled to protection as a common-law property right.

■ It is well-settled law that an author has no property right in his ideas unless the same are given embodiment in a tangible form. It is the means of expressing these ideas rather than the ideas themselves which warrant protection. Nichols v. Universal Pictures Corporation, 2 Cir., 45 F.2d 119; Dymow v. Bolton, 2 Cir., 11 F.2d 690; Fendler v. Morosco, 253 N.Y. 281, 171 N.E. 56.

With this basic principle in mind, the next step is an analysis of plaintiff's idea (Exhibit A) to determine whether it is in the tangible and concrete form required by law in order to place upon it the mantle of protection.

The first two pages of Exhibit A are entitled "Motion Picture Idea" and it is the contents thereof upon which plaintiff's case must stand or fall. The beginning consists of a general statement that "a motion picture built around the colorful story of the Palace Theatre, once the national shrine of vaudeville, has never been filmed and should not be lost." Additional remarks follow in the same vein until we come to the heading "Story Treatment" which is followed by a statement that the "real story of the Palace Theatre would stem naturally from the material that thorough and painstaking research would uncover."

Up to this point we have nothing which could even remotely be considered as literary property.

Going further with the exhibit, we come to what may be deemed the crux of the case. There is set forth four different possible suggestions of story treatment. All four are described with the utmost brevity.

The first treatment suggests the name of Keith or Albee as the central figures in making vaudeville a national shrine.

The second, deals with the "booking wars" among famous figures in vaudeville.

The third, suggests the story of the trials and tribulations of a young vaudeville team and their final success.

The fourth, suggests the story of a motion picture star, who is the daughter of a former vaudeville headliner and her efforts to return vaudeville to its former glory.

From the above, it is readily seen that the story of the Palace Theatre itself is not in any sense developed. Each treatment proposes a story to be screened presenting some aspect of the general profession of vaudeville.

The case of Bowen v. Yankee Network, D.C., 46 F.Supp. 62, 63, was somewhat similar to the instant case. There, plaintiff voluntarily submitted to the defendant an idea for a series of weekly radio programs, which would be performed in various localities chiefly by local talent. In granting defendants' motion to dismiss the complaint the court said, in part (pages 63, 64):

"The plaintiff maintains that he has a common-law property right in the plan and that it cannot be appropriated by the defendants with impunity. * * * Ideas not reduced to concrete form are not protected. * * * Such a right can only exist in the arrangement and combination of the ideas, i. e., in the form, sequence, and manner in which the composition expresses the ideas, not the ideas themselves. The use by the defendants of the general ideas of the plaintiff, under the circumstances here, gives the plaintiff no right of action. * * *"

■ I must hold therefore that plaintiff's idea was too abstract and general to give rise to a claim, even if copied.

■ It is also upon another ground that plaintiff's complaint must be held to be insufficient. Even treating the idea as a business suggestion rather than as literary property, it is incapable of protection since there was no contract, express or implied, between the parties prior to the disclosure of the idea. It was a voluntary disclosure made by plaintiff without solicitation on the part of the defendant. Rodriquez v. Western Union, 259 App.Div. 224, 18 N.Y. S.2d 759, affirmed 285 N.Y. 667, 34 N.E.2d 375; Bristol v. Equitable Life Assur. Society of N. Y., 132 N.Y. 264, 30 N.E. 506, 28 Am.St.Rep. 568.

The cases cited by plaintiff on this point are inapposite. In those cases, some contract rights were involved. At bar, this element is totally lacking.

In view of the foregoing there is no necessity in discussing the defendant's additional contention that plaintiff's idea is neither novel or original, as a bar to the claim.

I am constrained to dismiss the complaint.