**Mrs. Constantine N. GALANIS, Plaintiff,**

**v.**

**PROCTER AND GAMBLE CORPORATION, a corporation, Procter and Gamble Distributing Company, a corporation, Procter and Gamble Manufacturing Company, a corporation, Young and Rubicam, Inc., a corporation, Defendants.**

United States District Court
S. D. New York.
July 15, 1957.

Arthur D. Emil, New York City, for plaintiff.

Coudert Brothers, New York City, for defendants, Carleton G. Eldridge, Jr., Larrabee M. Johnson, New York City, of counsel.

DAWSON, District Judge.

This is a motion by the defendant for a summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

The action is one for damages in the sum of $1,000,000. The plaintiff alleges that on February 11, 1952 she sent to the president of the defendant Procter and Gamble Corporation a written offer to sell to the defendants an idea and plan which she had originated and conceived for a new kind of laundry soap. She alleges that this idea was in specific and concrete form and included a specific name for the product and various advertising phrases and suggestions which could be used in the promotion of the new soap.

Plaintiff alleges that the defendant Procter and Gamble advised her that the ideas and suggestions she had submitted had previously been considered and rejected by them and that they intended to approach the problem from a different angle. Plaintiff further alleges that on or before May 1, 1953, all of the defendants utilized her idea, including the name, formula and other suggestions. Plaintiff concludes that these actions constituted an unlawful

appropriation of her idea in which she had a property right giving rise to an implied contract which was breached by the defendants' failure to compensate her.

The following facts appear, from the complaint and the deposition of the plaintiff, to exist without substantial controversy:

The plaintiff, a housewife, sent the following letter on February 11, 1952:

"To the President, Owner, or Manager

"Procter and Gamble

"Cincinnati, Ohio

"Dear Sir:

"I have an idea I would like to sell to you about a new kind of laundry soap that would be a sensation and a great god-send to many housewives on washday! A soap I would call Blue. A new kind of soap with blue added into it. I have tried and tested a granulated soap with the addition of pulverized blue (bluing) into it and it works wonders.

"It washes clothes and doesn't leave a streak of blue in this. I put the amount of soap I ordinarily use for my wash right into my washing machine (I have a Bendix). It washes, and rinses three times automatically and then damp dries them. Of course, the soap I put in has the blue granules in it all pulverized blue. It is a great time saver. You don't have to wait around and prepare your blue with water to get the right amount in it or you don't have to buy the ready made bluing in a bottle. You have to also add water to that. It takes time. Lots of trouble too. Sometimes you don't have any blue in the house and you wash without it. Or if you do have the blue, just look at all the trouble it takes on washday to be adding the blue, either before the wash or wait un-til your washing starts the rinsing period.

"I tell you, I wouldn't do without it. I prepare my blue (pulverize it) and add it to my soap and keep it in a jar. I don't have time to be bothered with it. Lots of other women are the same about it. I use different soaps sometimes. At first, I used Rinso, because my washing machine company advised me to. But it didn't get my clothes white. Then, when your Tide came in, I started using that. I can't do without it. It is a wonderful soap. That is the soap I put the blue in. You should try it, or you may be able to manufacture a soap with the blue in it into granules.

"It would be something different. Of course, this would just be a laundry soap for clothes. It wouldn't be used for dishes. So we still have to have our regular soap besides.

"Nearly every woman uses blue when they wash clothes. Those who don't, do not have the blue handy or can't be bothered with it. So if you have a soap all ready for us, our troubles would be over. I would like to know what you think of my idea.

"With automatic washing machines you add blue together with your soap when washing. You need not wait until you rinse to add it. That is why I say to combine the two.

"Please let me hear from you."

The answer to this letter reads as follows:

"February 21, 1952

"Mrs. Constantine N. Galanis

"Route 1, Box 273

"Annandale, Virginia

"Dear Mrs. Galanis:

"You were very friendly and thoughtful to write us about the

possibility of bringing out a combination bluing and washing product.

"We have considered such a product many times in the past but up to now, have always decided against it. The principal objection that we have had is that such a product would have fairly limited uses. It would be excellent for the regular laundry but many people do not like to use a blue wash product for dishes, for colored fabrics or for lingerie.

"We have been approaching this problem from a slightly different angle in using fluorescent or 'white' dyes in our products like Tide, Duz and Oxydol. These products add to the whiteness of the fabrics and really make the use of bluing unnecessary.

"We appreciate your interest very much and want to thank you again for taking the time to write us."

It is admitted that the only communications between the plaintiff and the defendants were this letter and the reply; that the plaintiff and defendants did not, either before or after the sending of the letters, have any other written or oral communication with each other; and that the letter of February 11, 1952 was sent by the plaintiff without any solicitation on the part of the defendants.

If any genuine issue of material fact exists then this Court may not grant summary judgment. In considering the motion I must, therefore, assume that the facts alleged by the plaintiff exist without substantial controversy, and must determine, in that event, whether plaintiff would be able, as a matter of law, to obtain a judgment in this action.

Plaintiff says in effect that she wrote a letter to the defendants offering to sell them a novel and concrete idea and that they rejected the offer, but nevertheless they used her idea and have refused her any compensation therefor. The idea submitted, she contends, is that defendant should put out a product to be used as a laundry soap which would be made by mixing bluing directly with the soap. Plaintiff also urges that in this connection she suggested to the defendant "a specific name for the product and various advertising phrases and suggestions which could be used in the promotion of said new soap." An examination of the letter shows that she did not suggest any specific name for the product or any specific advertising phrases or suggestions. However, she urges that in her letter she said she would call the soap "Blue" and that the defendant adopted this idea when it put out a soap called "Blue Cheer."

### Discussion

The first question, of course, is whether the defendant is liable if it adopted plaintiff's unsolicited suggestion and put out a product which is a combination of soap and bluing and called the product by the name "Blue Cheer."

There is no dispute that the suggestion made by the plaintiff was an unsolicited one and that there were no past dealings between the parties which might have created a fiduciary relationship. The idea of the plaintiff was not protected by patent, copyright or contract. It was a marketing suggestion of putting two well-known products together and selling them as one product.

Is there a property right in such a suggestion? If an idea is voluntarily disclosed in an unsolicited communication may the originator claim, as plaintiff does in this case, that with respect to the use of the idea there has been an unlawful appropriation of that idea or a breach of an implied contract to pay for the idea?

The general rule of law is that a mere idea is not property and that any right to its exclusive use is lost by its voluntary disclosure. See Annotation, 170 A.L.R. 449 (1947); O'Brien v. R. K. O. Pictures, D.C.S.D.N.Y.1946, 68 F.Supp. 13; Bristol v. Equitable Life

Assurance Society, 1892, 132 N.Y. 264, 30 N.E. 506; Note, Non-Patentable and Non-Copyrightable Business Ideas, 97 U.Pa.L.Rev. 94 (1948).

> "Like animals ferae naturae, it is said that ideas upon release from confinement in the brain become common property." p. 96.

Nimmer, The Law of Ideas, 27 So.Calif. L.Rev. 119 (1954).

 However, the courts have in certain cases recognized that even if plaintiff has no property right in an idea, and even though no contract for the sale or use of such idea has been established, nevertheless the defendant may be held liable in quantum meruit on the theory of unjust enrichment, where defendant utilized a concrete and novel idea submitted by plaintiff. See Matarese v. Moore-McCormack Lines, Inc., 2 Cir., 1946, 158 F.2d 631, 170 A.L.R. 440. See, on the nature of this remedy, Miller v. Schloss, 1916, 218 N.Y. 400, 113 N.E. 337.

The Court of Appeals of this Circuit has indicated in the Matarese case that the doctrine of unjust enrichment is applicable to a situation where "the product of an inventor's brain is knowingly received and used by another to his own great benefit without compensating the inventor." 158 F.2d 631, 634. The fact that the complaint in the instant action does not proceed on a claim of unjust enrichment is not a bar for in the Matarese case such a claim was first advanced at the trial and the Court of Appeals sustained the amendment of the complaint which had been made at the trial to allege a claim on the basis of unjust enrichment.

For plaintiff to recover it will be necessary for her to establish (1) that the idea was novel, (2) that the idea was concrete, and (3) that the idea was actually appropriated by the defendant in the development of a product which it put out. See Hamilton Nat. Bank v. Belt, 1953, 93 U.S.App.D.C. 168, 210 F.2d 706.

The Court has considerable doubt that plaintiff will be able at a trial to sustain the burden on these issues. However, the issues present questions of fact which must be determined by a trial and cannot be determined merely on affidavits. Therefore it would be improper for this Court to grant summary judgment. John W. Shaw Advertising, Inc., v. Ford Motor Co., D.C.N.D.Ill.1953, 112 F.Supp. 121.

The motion for summary judgment is denied. So ordered.