AMERICAN TCP CORPORATION, Plaintiff, *v.* STRAUSS STORES CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, October 27, 1954.

*Philip Davis* for defendants.

*Bruce B. Clyman* for plaintiff.

STEUER, J.  Motion to dismiss the complaint for failure to state a cause of action.  The complaint alleges that plaintiff is in the business of selling a chemical, tri-cresyl phosphate, called TCP.  TCP is used as an additive to gasoline used in automobiles where it performs certain functions.  TCP had been so used by one of the large oil companies which combined it with certain grades of gasoline sold in the usual way to the public. Plaintiff conceived the idea of selling TCP to motorists separately in cans to be mixed with whatever gasoline the motorist bought.  Plaintiff revealed this idea to defendant Strauss Stores in an effort to get the latter to market the product for plaintiff through its retail stores which deal in automotive supplies.  The complaint further alleges that the individual defendants, under the guise of determining the feasibility of such an idea, caused plaintiff to reveal a great deal of the technical information about sources of supply, methods of use, the situation in regard to

patents and the like. After receiving this information defendants made a proposition by which the defendants would acquire 90% of plaintiff's stock. Upon this being refused the individual defendants formed the defendant Vickers Chemical, Ltd., which immediately used the information so acquired and stated to be given in confidence to produce a TCP can for sale to motorists and succeeded in getting such a can on the market prior to the time plaintiff was able to do so.

Defendants contend that these facts, plus suitable allegations of damage, do not spell out a cause of action. Defendants rely on a well-established line of cases (examples are *Grombach Productions* v. *Waring,* 293 N. Y. 609, and *Sachs* v. *Cluett Peabody & Co.,* 265 App. Div. 497) to the effect that one who discloses an idea without previously protecting himself by agreement has no rights as against the user of the idea. The fact that the disclosure is stated to be in confidence does not affect the situation (*Sachs* v. *Cluett Peabody, supra*; *Carneval* v. *Morris Agency,* 124 N. Y. S. 2d 319). The reasoning is that there is no property in an inchoate idea and that a mere statement that the information is conveyed in confidence does not convert a relationship of proposed buyer and seller into a fiduciary relationship. So unless there is an express contract for compensation for use of the idea there is nothing.

But that is not this case. Plaintiff did not convey the idea with the intent that the defendants or any of them should use it. It was to induce them to enter an agreement with plaintiff whereby plaintiff would retain use of it, the defendants performing a function in that use. On the grounds argued the objection does not meet the complaint.

Even if it be assumed that wider grounds for attack had been taken the same result would be reached. It is true that plaintiff has no rights in either the product or the method of selling it in cans to motorists as distinct from its being mixed in gasoline. Anyone seeing plaintiff's operation would be at liberty to adopt the same procedure. And insofar as the defendants have done that alone they are immune. What they are liable for, assuming the allegations of the complaint are proved, is the deceitful manner of obtaining the results of plaintiff's research and investigation and the advantage given them by such use in bringing the product to market.

So much of the motion as seeks the striking of certain paragraphs as unnecessary or repetitious does not seem to have been pursued.

The motion is denied.