AMERICAN TCP CORPORATION, Respondent, *v.* STRAUSS STORES CORPORATION et al., Appellants.

MEMORANDUM DECISION BY THE COURT. It is sufficiently alleged in the complaint that by false representations as to their continuing interest in purchasing plaintiff's product while concealing the fact that they had launched a competitive enterprise based on the ideas and information plaintiff had imparted to them, defendants induced plaintiff to reveal confidential competitive information to plaintiff's damage. The order should be affirmed in all respects.

BREITEL, J. (dissenting). The complaint is legally insufficient. It may be, however, that plaintiff has a cause of action which it can allege. For that reason it should be granted leave to replead.

The complaint is a loosely drawn pleading which repeatedly alleges the divulgence of " confidential information " and "trade secrets " to defendants. In addition, there is the overall conclusory statement that defendants entered into a conspiracy to defraud in receiving this information. The complaint also sets forth how plaintiff has been deprived, with consequent damage, of the profitable exploitation of its idea to sell tri-cresyl phosphate, popularly known as TCP, in cans, at retail, to individual motorists. None of this makes out a cause of action.

It is, of course, of key significance in this case that plaintiff's idea, and it is so conceded, is not an original or novel idea, or one that is patentable. Its idea was a method of promotion, for the sale of tri-cresyl phosphate. The use and value of the chemical, according to the complaint, has been known to science for some time and is already in advanced exploitation by the Shell Oil Company as a gasoline component. Indeed, plaintiff alleges that its principal officer obtained the germ of his idea and his education with respect to it from a prior employment with a corporation alleged to be the largest producer of tri-cresyl phosphate.

It is elementary that the divulgence of secrets or confidences does not legally impose any obligation of nonuse on the auditor, unless there is a recognized confidential relationship or an agreement to respect the secret or confidential character of the information divulged. (*Bristol* v. *Equitable Life Assur. Soc.,* 132 N. Y. 264; *Grombach Productions* v. *Waring,* 293 N. Y. 609; *Sachs* v. *Cluett, Peabody & Co.,* 265 App. Div. 497, 500, affd. 291 N. Y. 772.) No such confidential relationship is asserted. No agreement to respect the secrets or confidences is alleged. Nor was the disclosure alleged to be at defendants' instance and request, or upon a basis sufficient to imply an agreement. (*American Mint Corp.* v. *Ex Lax, Inc.,* 263 App. Div. 89.) Moreover, even assuming that plaintiff had a property right in the idea, there is neither allegation nor indication that the idea was not voluntarily and unconditionally revealed.

It may be argued that a cause of action would arise if one, by fraud, that is, by false misrepresentation or its equivalent, induced another to reveal secrets or confidences, with the intention, and the effect, of doing harm to the divulger. But, there are no such allegations in this complaint. True, the circumstances

are asserted that defendants were planning the enterprise and undertook the exploitation of plaintiff's idea while defendants were continuing to receive further disclosures from plaintiff. However, there are no ultimate facts alleged expressing the elements that might ground such a fraud cause of action. There is no false representation asserted, either explicitly or implicitly, as having occurred.

Thus, there are allegations in the complaint asserting that, after defendants had caused to be organized a competitor for the purpose of engaging in the business of selling TCP in cans, one of the defendants, in the guise of a prospective purchaser, continued to receive confidential information from plaintiff. The information is specified and it is said to consist, not about TCP or its use, but of "plaintiff's advertising plans, its discount schedules and considerable other information". The allegedly confidential information is even of a more attenuated character than that which is alleged earlier in the complaint. The earlier allegations relate to the qualities and utility of TCP, and the basic plan to sell it in cans for use directly by motorists. Quite different are the later allegations which involve disclosures made between January 13, and April 6, 1954, when, according to the complaint, one of defendant corporations had become a prospective competitor. Even if there be some shred of information in this latter category that might become the subject of a cause of action because of fraudulent conduct on the part of defendant, surely it is necessary, in order for the pleading to be meaningful, that the allegations be sufficiently clear so that the matter for which there may be a recovery is sharply marked from that which is merely historical recital. Long before, plaintiff had already disclosed voluntarily, and without fraud on the part of defendants alleged, the idea of using TCP and the method of promoting its distribution in cans to the individual motorists. There had also been already disclosed to defendants "all of the facts * * * a detailed cost analysis and the reactions and suggestions of other prospective customers". It is hard to conceive of what remained to be disclosed after January 13, 1954. Certainly the complaint does not tell us.

This is not a matter of mere technicality. It may well be that plaintiff cannot prove more than it has alleged. In that event it must fail as a matter of law. Equally grievous is the circumstance in which the present pleading would leave the trial court. This pleading provides a classic example of where plaintiff could offer proof sustaining every allegation of ultimate fact asserted in the complaint (as distinguished from conclusions of law which are also present), and yet the trial court would be hard put on how to pass on a motion to dismiss the complaint. The pleading suggests, and the plaintiff's brief makes it very clear, that what really is being sought is damages for appropriating the idea of selling TCP in cans. As noted above, without more factual allegation, this may not be accomplished.

For the foregoing reasons, I dissent and vote to reverse the order denying the motion to dismiss the complaint and to grant the motion, but with leave to plaintiff to serve an amended complaint.

Callahan, J. P., Bastow, Botein and Rabin, JJ., concur in decision; Breitel, J., dissents and votes to reverse in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [206 Misc. 1017.]