**UNDERWATER STORAGE, INC.,**
**Plaintiff,**

v.

**UNITED STATES RUBBER COMPANY,**
**Defendant.**

**Civ. A. No. 751-64.**

United States District Court
District of Columbia.

Nov. 2, 1965.

Robert E. Sher and Abraham J. Harris, Sher, Oppenheimer & Harris, Washington, D. C., for plaintiff.

Robert F. Conrad, Watson, Cole, Grindle & Watson, Washington, D. C., for defendant.

CORCORAN, District Judge.

This cause came before the Court on defendant's motion for summary judgment or in the alternative for judgment on the pleadings.

The complaint, seeking money damages and injunctive relief, was filed March 27, 1964. It alleges that at various times from 1958 forward the defendant wrongfully appropriated and used as his own certain trade secrets belonging to the plaintiff and its assignor.

The pertinent facts are that one Harold G. Quase developed an underwater fuel storage system sometime prior to 1958. In January of 1959 he filed for patents.* Subsequently the defendant United States Rubber Company entered into a Naval Research Contract (NONR 2957(00)) to develop an underwater fuel storage system for the Navy and rendered a report to the Navy under date of December, 1960 setting forth its findings. The plaintiff was made aware of the defendant's report and its contents very shortly after it was rendered to the Navy.

Plaintiff claims that the report rendered by the defendants to the Navy reveals a clear misappropriation of the plaintiff's ideas by the defendants and that the defendants have by subsequent publications used and claimed credit for the development of the plaintiff's ideas.

The defendant pleads the three year Statute of Limitations. If that statute is applicable it is not necessary for the Court to determine the validity of the misappropriation charge since the action would be barred in any event.

The sole issue accordingly is whether a misappropriation and possible use of a trade secret constitutes a continuing tort or whether the tort is complete at the time of the original taking of the secret.

---

* December 17, 1963 the Patent Office issued letters patent to Quase on his system and such patents were subsequently assigned to the plaintiff corporation.

236

The authorities make it clear that the tort lies in the wrongful acquisition as such and once that acquisition has been completed the tort does not continue.

Sachs v. Cluett, Peabody & Co., Inc., 265 App.Div. 497, 39 N.Y.S.2d 853 (1943); see Aktiebolaget Bofors v. United States, 93 F.Supp. 131 (D.C.D.C.1950), affirmed, 90 U.S.App.D.C. 92, 194 F.2d 145 (1951); A.L.I. Restatement of Torts, Sec. 757.

The misappropriation alleged in this case dates back to and beyond the rendition of the report by the defendant to the Navy—more than 3 years prior to the filing of the complaint. The statute of limitations accordingly bars the action.

Defendant's motion for summary judgment is granted.