**UNDERWATER STORAGE, INC.,**
**Appellant,**

v.

**UNITED STATES RUBBER COMPANY,**
**Appellee.**

**No. 19949.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 23, 1966.

Decided Sept. 21, 1966.

Petition for Rehearing Denied
Oct. 27, 1966.

Certiorari Denied Feb. 13, 1967.

See 87 S.Ct. 859.

Mr. Robert E. Sher, Washington, D. C., with whom Mr. Abraham J. Harris, Washington, D. C., was on the brief, for appellant.

Mr. Robert F. Conrad, Washington, D. C., with whom Mr. Kurt Shaffert, New York City, was on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and TAMM, Circuit Judges.

TAMM, Circuit Judge:

This is a trade secret case. Appellant's complaint contends that prior to 1958 one Harold G. Quase developed an underwater system for the storage of strategic materials; that on January 12, 1959 he filed an application for a patent on this sys-

tem, which patent was granted on December 17, 1963; that during various times beginning in 1958 the appellee wrongfully appropriated this system and used it as its own. Specifically the complaint alleged that appellee had wrongfully appropriated and utilized "certain systems, methods, technical know-how and inventions relating to an underwater storage system" developed by Dr. Quase. The complaint further alleged that appellee entered into a contract to develop an underwater fuel storage system for the Navy and, in December of 1960, rendered a report to the Navy setting forth its experience and findings in connection with the project. Thereafter appellee and its subcontractor allegedly published and advertised that the technical know-how or trade secrets (which appellant alleges were wrongfully acquired from him) had been conceived and/or developed by them. The complaint further alleged that in June of 1960 Dr. Quase assigned to appellant, Underwater Storage, Inc., all of his rights in or arising out of the system, including any rights, claims or causes of action that he then had arising out of the aforesaid actions of appellee. The complaint also rather vaguely alleges continuing wrongful appropriation and utilization of the systems "during various times beginning in 1958."

Appellee's answer was, in effect, a general denial of the allegations of the complaint; in addition, the appellee raised the statute of limitations of three years as a complete bar to any of appellant's claims.

Appellant filed its complaint on March 27, 1964. On April 22, 1964, appellee took the deposition of Dr. Quase. In that deposition Dr. Quase stated that a United States Navy publication issued in December of 1960 entitled "Development of a 50,000 Gallon Submersible Fuel Cache," (which describes the work performed by appellee under an Office of Naval Research contract), disclosed the information allegedly appropriated from Dr. Quase. Dr. Quase further testified that he obtained a copy of this report in January or February, 1961, and that this report convinced him, more than three years before this action was brought that defendant had appropriated and used his trade secrets in the performance of the contract. Dr. Quase further stated that, while he did not know how appellee obtained his secrets, the only way in which appellee could have obtained them was through a third party who, in turn, might have been a person or persons in the Office of Naval Research of the United States Navy to whom Dr. Quase alleges he entrusted this information in confidence.

Based upon this information, appellee moved for summary judgment pursuant to Rule 56, FED.R.CIV.PRO., alleging that appellant's claims were barred by the three-year statute of limitations on tort actions. In a memorandum opinion, the District Court sustained appellee's motion finding that "the misappropriation in this case dates back to and beyond the rendition of the report by the defendant to the Navy—more than 3 years prior to the filing of the complaint." In deciding this question, the District Court had characterized the issue in the case in these words:

"The sole issue accordingly is whether a misappropriation and possible use of a trade secret constitutes a continuing tort or whether the tort is complete at the time of the original taking of the secret."

The District Court answered the issue with the statement that

"the authorities make it clear that the tort lies in the wrongful acquisition as such and once that acquisition has been completed the tort does not continue. * * * Sachs v. Cluett, Peabody & Co., Inc., 265 App.Div. (N.Y.) 497 [39 N.Y.S.2d 853] (1943); see Aktiebolaget Bofors v. U. S., 93 F. Supp. 131 (1950), aff'd 194 F.2d 145, 90 U.S.App.D.C. 92 (1951); A.L.I. Restatement of Torts, Sec. 757."

Appellant attacks the District Court determination in this court, alleging that the misappropriation and continuing use of a trade secret is a continuing tort with

respect to which the statute of limitations is not a bar, at least as to the statutory period prior to the commencement of the action. It further alleges that the fact that the initial misappropriation may have occurred more than three years prior to commencement of the action is immaterial. Each use of the trade secret thereafter by appellee, appellant contends, constituted a new wrong that started the limitations period running anew. It alleges that the rule it argues for is found in the law of contracts and in the law of torts, in trade marks and antitrust, and in cases of personal injuries and nuisances resulting from continuing torts, and that there is no good reason for treating trade secret cases any differently from these other classes of cases.

Appellee, on the other hand, argues that because of the peculiar nature of the tort of misappropriation of a trade secret, it is by its very nature a tort completed at the time of misappropriation. This because, once the secret has been misappropriated, it is no longer in fact a trade "secret" since it has been published to persons not privy to the secret and therefore (theoretically at least) the whole world has access to it. Recovery for the misappropriation of a trade secret is based upon the use of improper means to *obtain* the secret, not upon the *use* of any particular information. Since any given information can only be wrongfully acquired once from its owner, misappropriation of a trade secret cannot be a continuing tort. Finally, appellee vigorously contends that "if it were held that the use of the published information constituted a continuing tort, the statute of limitations would never run, and an action would lie one hundred years for appellee's use of information which has long since entered the public domain."

■ Summary judgment is properly granted when the record establishes that there is no genuine issue as to any material fact concerning a dispositive issue in a case and that the moving party is entitled to judgment as a matter of law. Rule 56(c) FED.R.CIV.PRO. The general rule that guides the District Court in the disposition of motions for summary judgment is that the moving party has the burden of showing the absence of any genuine issues as to all the material facts applicable under his theory of law. Evers v. Buxbaum, 102 U.S.App.D.C. 334, 253 F.2d 356 (1958). Moreover,

"one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and that any doubt as to the existence of such an issue is resolved against the movant. The courts are quite critical of the papers presented by the moving party, but not of the opposing papers." Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 21, 154 F.2d 20, 21 (1946). See 6 Moore's Federal Prac. (2d Ed.), pp. 2123, 2124, 2125-26.

While it is true that the ultimate question presented for our consideration and determination in this case is one of law, the foregoing principles have been set down because they are necessary predicates to several assumptions which must be made in this case before the question of law is reached. The first of these assumptions is that appellant's claim of indirect misappropriation of wrongdoing *vis-a-vis* appellee is true; the second is that there have in fact been instances *post* March 27, 1961 (three years prior to filing of the complaint) when appellee has used the wrongfully appropriated trade secret. We do not consider either of these points established on the record, but for the purposes of considering this motion we must assume them to be true.

■ We have considered at great length the determination reached by the District Court in this difficult case and have concluded that the issue was not properly resolved. We are of the opinion that, although it is an extremely close question, the misappropriation and continuing use of a trade secret does constitute a continuing tort and that an injured party can recover for use during the statutory period preceding the filing of the suit, assuming, of course, that there has been use during that period.

We have considered the authorities cited by the District Court in support of its decision and have concluded that they are at best ambiguous with respect to the issue posed in this case and far from dispositive of the case itself. The first authority relied upon is Sachs v. Cluett, Peabody & Co., Inc., 265 App.Div. 497, 39 N.Y.S.2d 853 (1943), a case also relied upon by appellee here. That case concerned the alleged misappropriation of a secret process. Although the court discussed the tort theory of breach of a confidential relationship and the nature of the property rights protected, we do not read the case as establishing that the misappropriation and continuing use of a trade secret does not constitute a continuing tort.

We have also considered in detail the three opinions in the Aktiebolaget Bofors v. United States cases, 93 F.Supp. 131 (1950), aff'd, 90 U.S.App.D.C. 92, 194 F.2d 145 (1951), 153 F.Supp. 397, 139 Ct.Cl. 642. While it is true that there is dictum in our decision in this case to the effect that the "tort [misappropriation of a trade secret] lies in the wrongful acquisition," such was stated in the course of determining that the unauthorized use alleged there could only have been in violation of a contract and not as a tort by the United States and that jurisdiction would therefore lie only in the Court of Claims. The opinion does not attempt to resolve the question posed in this case. (In point of fact, the three *Bofors* cases read in conjunction actually provide analogical support for appellant's contentions since the Court of Claims held there that even though the original appropriation of the secret occurred more than ten years prior to the filing of the action, the plaintiff could recover for damages it suffered during the six-year statutory period of limitation prior to the filing of the petition in the Court of Claims.)

The final authority relied upon in the District Court opinion and by appellee here is Section 757 of the Restatement of Torts (1939 ed.). Our examination of the Restatement leads us to a conclusion contrary to that reached below. We do not read the pertinent section as addressing itself to the question of whether subsequent use of a misappropriated trade secret constitutes a continuing tort. What little light the Restatement sheds on the question considered here reflects more in favor of appellant's position than that of the appellee's. Subsection c of Section 757, entitled *Disclosure or Use* states that "the rule stated in this Section protects the interest in a trade secret against both disclosure and *adverse use.*" (Emphasis added.) Appellant is, in fact, alleging adverse use of a continuing nature and we do not read the Restatement as erecting any bar to recovery for such.

After a thorough review of the authorities cited by the District Court and the parties in this court, and after an in-depth search of our own, we confess that we have not been able to unearth dispositive precedent on the point in issue. It is therefore necessary in the resolution of the question to examine the nature of the tort with which we are concerned, treatment of the issue in analogous contexts, and the policy reasons underlying the competing positions of the parties.

■ The nature of a trade secret is such that, so long as it remains a secret, it is valuable property to its possessor who can exploit it commercially to his own advantage. Once the secret is published to the "whole world," however, it loses its protected status and becomes available to others for use and copying without fear of legal reprisal from the original possessor. Appellee argues that because the secret is destroyed upon publication, there can be no recovery by the original possessor against subsequent users since whatever exclusive rights the original possessor had in the secret *qua* secret cease to exist upon publication. Those using the secret thereafter cannot be sued for invasion of the rights of the possessor of the secret because there was no secret left to be invaded. Thus the idea of a continuing tort for use of a secret after publication is said to be alien to a trade secret case, and appellant is

therefore barred from maintaining this action since the alleged misappropriation (by appellant's own admission) took place more than three years prior to the institution of this action.

■■ Insofar as appellee's argument extends to parties who are not misappropriators in the first instance, or possessors of the secret by virtue of learning it from the misappropriator(s) with knowledge that it was stolen, we believe this argument to have merit. However, the fault in appellee's reasoning lies in its applying as a test to its own actions the rights of appellant as against the public generally (*id est,* those who have acquired the secret after publication), instead of considering the rule which should obtain between the original possessor and the misappropriator or those who have received the secret from the misappropriator with knowledge of the wrongful appropriation. We do not believe that a misappropriator or his privies can "baptize" their wrongful actions by general publication of the secret. Nor do we believe that the fact of the destruction of the secret prevents the continued use by the misappropriator or his privies from being a continuing wrong *vis-a-vis* the original possessor of the secret. It is the continuing use of another's secret, wrongfully obtained, or used after knowledge that it has been wrongfully obtained, that makes the tort a continuing one. Once the secret is out, the rest of the world may well have a right to copy it at will; but this should not protect the misappropriator or his privies. Their gain is ill-gotten and the passage of time or publication to the rest of the world should not serve to cleanse their hands. See International News Serv. v. Associated Press, 248 U.S. 215, 239, 39 S.Ct. 68, 63 L.Ed. 211 (1918).

■ Appellant has cited in support of its argument numerous cases from other areas of law holding in general that the statute of limitations begins to run anew with each new invasion of a subsisting right of another. It would serve no purpose for us to specifically analyze these cases in detail here—suffice it to say that we agree with appellant that, with respect to their specific subject areas of the law, they stand for the proposition that a cause of action for each invasion of the plaintiff's interest arose at the time of that invasion and that the applicable statute of limitations ran from that time and not from the time of the first invasion. These cases provide strong analogical support for the rule argued for in the instant case by appellant and appellee has not persuaded us to the contrary.

■ Finally, we have examined the competing policy considerations urged by the parties and have concluded that the balance must be struck in favor of those argued for by appellant. We believe the rule should be that in trade secret cases where the secret has been misappropriated the wrongdoer and his privies are amenable to suit for any use of the secret so long as the use has occurred within the statutory period of limitations immediately preceding the bringing of the action.

For all of the foregoing reasons, the decision of the District Court is reversed. Appellee will, of course, still have available all of its defenses, including its argument that it developed the system independently of any knowledge of appellant's system and/or that there has been no use of the system during the statutory period extending backward in time three years prior to the institution of this action.

So ordered.