■ MURRAY SPORN, Appellant, v MCA RECORDS, INC., et al., Respondents. ARISTA RECORDS, INC., Defendant and Third-Party Plaintiff, v ABRAHAM SILVER et al., Third-Party Defendants. — Order of the Supreme Court, New York County (Pecora, J.), entered December 22, 1980, which granted defendants' motion for partial summary judgment dismissing plaintiff's claim of unfair competition, modified, on the law, to the extent of declaring that plaintiff has no enforceable rights against defendants to the recording of "Get A Job" by virtue of the expiration of the Statute of Limitations, and otherwise affirmed, without costs or disbursements. This appeal involves a claim of unfair competition in connection with an action challenging defendants' ownership rights to the master phonograph recording to two "rock and roll" songs from the 1950's. Bell Records, defendant Arista Records' predecessor, released one of these songs, "Get A Job", on an "oldie" renewal record in 1965. The instant suit was not commenced until June of 1976. While appellant does not dispute the lower court's holding that a three-year Statute of Limitations is applicable to an action of this nature, he contends that a new tort occurred every time that defendants licensed and reproduced the master. He compares the present case to those situations, such as trespass or infringement, where the wrongs committed are treated as continuous and recurring, and, therefore, a new cause of action accrues for each injury. However, the facts indicate that the alleged tort — misappropriation of the record — took place in 1965 and was permanent thereafter. (See Sachs v Cluett, Peabody & Co., 265 App Div 497; M & T Chemicals v International Business Machs. Corp., 403 F Supp 1145.) Thus, only one wrong was committed, and Special Term properly dismissed the action as time barred. The court, however, improperly dismissed defendants' motion for a declaratory judgment. If the plaintiff is not entitled to summary judgment, the court should not dismiss the claim but should enter a declaration in favor of the other party (Lanza v Wagner, 11 NY2d 317; see, also, Saratoga Harness Racing v City of Saratoga Springs, 44 NY2d 980). Concur — Sullivan, Markewich and Milonas, JJ.

Sandler, J. P., and Fein, J., dissent in a memorandum by Sandler, J. P., as follows: I am not persuaded that the facts set forth in this record come within any recognized or appropriate exception to the generally established rule that repetitive unlawful acts producing intermittent and recurring injuries give rise to new and distinct causes of action and accordingly to separate statutory periods of limitation. (See, e.g., Meruk v City of New York, 223 NY 271; Korry v International Tel. & Tel. Corp., 444 F Supp 193.) The authorities relied upon in the court's memorandum are clearly distinguishable. In Sachs v Cluett, Peabody & Co. (265 App Div 497), it was alleged that the defendant, in violation of an agreement, misappropriated the plaintiff's secret process and thereafter obtained patents embodying the principle in that process. This court held that the Statute of Limitations began to run not later than the date the defendant registered a name for the process in the patent office. The reason assigned for this finding was explicit. The court found that by that date the plaintiff's property rights in the process had been effectively destroyed. The court stated (at p 501): "A continuing right may exist where there is an interference with but not destruction or conversion of property." The second authority relied upon in the majority memorandum M & T Chemicals v International Business Machs. Corp. (403 F Supp 1145), decided essentially the same issue on the basis of the analysis set forth in Sachs. The inapplicability of the principle set forth in these authorities to the instant case seems to me palpable, it being

quite clear that the release of the song in question by Bell Records in 1965 did not destroy whatever property interest plaintiff's assignor had in the song. Calling the tort permanent does not make it so. No doubt the facts disclosed in the record raise questions as to the merits of plaintiff's action. Broad relief is sought for an alleged misappropriation of ownership rights in a master phonograph recording 11 years after the purported owner learned that Bell Records was releasing the song, and only after the efforts of the defendants had contributed to the commercial profitability of the recording. In an attempt to achieve what appears to be a just result here, the court has fashioned a dubious principle which is bound to be productive of confusion and error in other cases. As to the second issue urged by the defendants in support of a dismissal, I think it premature at this point to determine whether the doctrine of adverse possession, which has been applied in this State to tangible personal property (*Lightfoot v Davis,* 198 NY 261) should be extended to intangible personal property rights. (See *Gee v CBS, Inc.,* 471 F Supp 600, 653-656, affd 612 F2d 572; *Sachs v Cluett, Peabody & Co., supra,* at p 502 [concurring opn].) Assuming that the doctrine of adverse possession may be so applied, factual issues are presented in the record as to the existence of several familiar critical elements of that doctrine that preclude the granting of summary judgment. It should be noted that in an action seeking in large part equitable remedies, defendants have not on this appeal urged the application of the doctrine of laches. (Cf. *Haas v Leo Feist, Inc.,* 234 F 105, 108.) Presumably that omission reflects an awareness that factual issues are also presented with regard to the application of that doctrine that may not be resolved on a motion for summary judgment. Accordingly, the order of Supreme Court, New York County (Pecora, J.) entered December 22, 1980, granting the motion of the defendants for partial summary judgment dismissing plaintiff's claims derived from his alleged ownership of the sound recording "Get A Job" should be reversed to the extent appealed from and the claims should be reinstated.