OPINION OF THE COURT
Jasen, J.
The issue raised on this appeal is whether plaintiff’s cause of action for unauthorized commercial exploitation of a master phonograph record accrued for the purpose of computing the Statute of Limitations when defendant first began using plaintiff’s property as its own or whether a new cause of action arose each time the defendant used what plaintiff claims to be his property.
Plaintiff commenced this action in June of 1976. The complaint alleges that defendant MCA Records, Inc. *485 (MCA), commercially exploited master recordings which belong to the plaintiff. Defendants moved to dismiss the complaint on the grounds that the action raised a claim for injury to property and was barred by the three-year Statute of Limitations because the injury occurred in 1965 when MCA began using what plaintiff claimed to be his property as its own. (CPLR 214.) Plaintiff argued that although the statute would bar recovery for use by the defendant more than three years before the commencement of the action, this claim should be considered in the nature of a continuing trespass on the plaintiff’s property rights in that master recording so that each unauthorized use by the defendant of plaintiff’s property would give rise to a new cause of action. According to this argument, plaintiff would be entitled to recover for each unauthorized use by the defendant of plaintiff’s property in the three years prior to the commencement of the action. Plaintiff also sought injunctive relief to bar the defendant from manufacturing or exploiting phonograph records from the master recording which the plaintiff claimed was his property.
Taking the facts as alleged by the plaintiff in the complaint and explained in supporting affidavits, the following occurred. In 1957, a Philadelphia disc jockey, Kae Williams, heard a rock and roll singing group, the Silhouettes, and arranged for them to record through his record company. In late 1957, that company, Junior Records, released the Silhouettes’ recording of “Get a Job”. According to Williams’ affidavit, he had produced a master phonograph recording of “Get a Job” (the Master) in late 1957 and on December 12,1957 he leased, pursuant to a written agreement, “exclusively and in perpetuity, all rights in the Master to Ember Records.” He also alleges that he entered into an oral agreement with the president of Ember Records that if Ember at anytime “liquidat[ed] its business or with[drew] from the record business, the ‘Get a Job’ master tape * * * would be returned” to Williams.
It is not disputed that Ember did in fact liquidate its assets and terminate its recording business. Under a written agreement, dated February 5, 1965, Ember sold its master recording catalogue to Bell Records (Bell) and the *486 master recordings were turned over to Bell Records pursuant to this agreement. Included was the master recording to “Get a Job”. Bell Records, predecessor to defendant Arista Records, Inc. (Arista), released a recording of “Get a Job” in an album in 1965. Since then, it has continued to republish the song.
Defendant MCA has manufactured and sold recordings of the sound track from the motion picture “American Graffiti” since August, 1973. That recording includes copies of the song “Get a Job”, pursuant to an agreement between MCA and Arista.
In his affidavit, Williams asserts that by virtue of his oral agreement with Ember’s president, he reacquired all rights to the master recording of “Get a Job” when in 1965 Ember discontinued its business operations. There is no assertion that the master recording was ever returned to him. He claims to have objected to Bell’s use of the master recording in a telephone call he made to Bell’s president, Lawrence Uttal. Mr. Uttal, in his affidavit, states that no such claim was ever made and that Bell was never advised by Ember’s president that anyone but Ember had any property rights in any of the master recordings purchased by Bell. Mr. Williams indicates that he did not take any action against Bell because he could not afford the cost of any litigation to resolve his rights. In June, 1976, he assigned his rights to plaintiff Murray Sporn, who commenced this action.
Supreme Court granted defendants’ motion for partial summary judgment on the ground that the Statute of Limitations barred the action. The Appellate Division modified only to the extent of adding the additional declaration, pursuant to defendants’ motion for a declaratory judgment, that plaintiff had no enforceable rights against the defendants to the recording of “Get a Job” by virtue of the expiration of the Statute of Limitations (88 AD2d 857). Two Justices dissented on the ground that plaintiff had a continuing right to the property and each interference with that right constituted a new injury to plaintiff’s property so that those claims arising within three years of the commencement of the action should not be considered time barred. The dissent also urged consideration of defendants’ *487 claim that the concept of adverse possession should be applied to intangible personal property.
For the purposes of determining whether the Statute of Limitations will bar an action, the general rule is that the statutory period is computed from the time the cause of action accrued. (CPLR 203,. subd [a].) The cause of action asserted here is wrongful use or misappropriation of the plaintiff’s property — that is, the master recording. In order to determine whether that cause of action accrued when the defendant first allegedly used the property without authority or whether it accrued with each subsequent unauthorized use of the property, it is necessary to characterize the nature of that use.
Interference with a person’s property constitutes a trespass (61 NY Jur, Trespass, § 8, p 12), while a “denial or violation of the plaintiff’s dominion, rights, or possession, is the basis of an action for conversion” (23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 3, p 210). The question then becomes whether the defendant’s alleged conduct constituted an interference with plaintiff’s property or was a denial of plaintiff’s rights to the property or possession of that property. “A continuing right may exist where there is an interference with but no destruction or conversion of property.” (Sachs v Cluett, Peabody & Co., 265 App Div 497, 501, affd 291 NY 772.) The mere assertion of a continuing right, however, will not be sufficient to have the cause of action deemed a continuing trespass if the facts as pleaded indicate that the defendant’s alleged conduct, if proven, would constitute a taking of the property and a conversion of that property to his own.
The Appellate Division in Sachs v Cluett, Peabody & Co., (supra) adopted the following example to explain the distinction between trespass and conversion: “ Tf defendant hits plaintiff’s horse repeatedly, plaintiff has a new cause of action upon each striking; but if defendant destroys plaintiff’s horse, or takes it and claims it as his own, plaintiff’s right accrues immediately and he must sue within the period of limitation measured from that date — or never.’ ” (Sachs v Cluett, Peabody & Co., supra, at p 501.) Thus, in deciding whether an action is one to recover for a *488 trespass or a conversion, the primary consideration must be what the plaintiff claims the defendant did. If a review of the pleadings indicates that the defendant merely interfered with the plaintiff’s property and thereby his property rights, then the complaint will be properly construed as an action to recover for trespass. Only then would it be necessary to consider the applicability of continuing trespass concepts. If, however, the conduct the plaintiff seeks to recover for amounts to the destruction or taking of the property, then the action is properly deemed one for conversion.
For the purposes of the Statute of Limitations, if the action is one for conversion, the time period will run from when that cause of action accrued — that is, when the conversion occurred. If the action is deemed one for trespass, then the cause of action will accrue at the time the trespass occurs. Trespasses of a continuing character may be considered a continuing trespass which would give rise to successive causes of action each time there is an interference with a person’s property so that relief would not be barred by the Statute of Limitations for interferences occurring within three years of the commencement of the action. (509 Sixth Ave. Corp. vNew York City Tr. Auth., 15 NY2d 48; Galway v Metropolitan El. Ry. Co., 128 NY 132.)
Turning to the case before us, on the basis of the pleadings submitted, it seems abundantly clear that plaintiff’s cause of action is one for conversion and not for trespass. The complaint alleges that although the plaintiff regained his rights to the master recording of “Get a Job” by operation of the oral agreement he had with Ember’s president, the defendant, since 1965, has been using that master recording as his own by manufacturing, distributing and selling records and otherwise commercially exploiting that master recording which it is claimed is the property of the plaintiff. These allegations amount to more than mere interference. The conduct of the defendant certainly constituted a denial of both the plaintiff’s right to the master recording and a total usurping of plaintiff’s right to possess the master recording.
Under these circumstances, we agree with the majority at the Appellate Division that since the conversion oc *489 curred in 1965, the cause of action arose at that time and, thus, this action is barred by the three-year Statute of Limitations. (CPLR 214.)
We would also note that plaintiff’s claim that this cause of action should be construed as a continuing trespass because the defendant’s conduct infringed on his intangible rights in the musical performances is not well founded. While it is true that an action for conversion will not normally lie, when it involves intangible property (23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 11, p 216), an action involving infringement.of property rights by virtue of misappropriating tangible property — in this case the master-recording — should properly be considered an action to recover for conversion of that property. In this case, the plaintiff alleged only that he holds the rights Williams had which it is alleged was the right to have the master recording returned to him if Ember Records ever liquidated its business. When Ember did discontinue its business operations, instead of returning the master recording to Williams, Ember sold it to Bell. Bell subsequently treated the master recording as its own property. The complaint is directed at who should possess and benefit from the master recording. This is a tangible piece of property. The action is thus properly considered one for conversion. Naturally, plaintiff’s intangible property rights which flow from his claimed ownership of the master recording are involved, but that is not sufficient to convert a claim for recovery of losses sustained because a tangible piece of property was sold into an action involving purely intangible property.
Since we have concluded that plaintiff’s cause of action is barred by the Statute of Limitations and does not involve intangible property, there is no reason to consider, at this time, the applicability of the doctrine of adverse possession to intangible property.
Accordingly, the order of the Appellate Division should be affirmed, with costs.