■ SION ELGHANAYAN et al., Appellants, et al., Plaintiff, et al., Intervenor Plaintiffs, v AGHADJAN ELGHANAYAN et al., Defendants, and H. HOUSHANG ELGHANAYAN et al., Respondents. [697 NYS2d 268] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 9, 1998, dismissing all causes of action as asserted against defendants-respondents in the fourth amended complaint, pursuant to an order, same court and Justice, entered June 23, 1998, which, as relevant to this appeal, granted defendants-respondents'

motions for summary judgment dismissing such causes of action, and denied plaintiffs' cross motion for partial summary judgment and for bifurcation of the case, or, in the alternative, to continue discovery against defendants-respondents while plaintiffs' accounting cause of action against certain other defendants proceeded to trial, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The two appealing plaintiffs and their five brothers allegedly were partners under an agreement, originally made in Iran, the brothers' country of origin, in the 1930's, and memorialized in a writing in Farsi in 1959, which provided, *inter alia,* that "[a]ll assets in the name of all partners, all their transactions in the name of their spouses and children and all other shares they may own shall belong to the company." Plaintiffs are suing three of their brothers (one of whom is now deceased) for an accounting, among other causes of action, and are also suing, among other parties, defendants-respondents, who are the four sons of one of the sued brothers (Nourollah), and two entities controlled by three of such sons, on causes of action for conversion, constructive trust, and fraud, based on allegations that Nourollah transferred partnership assets to his sons and their enterprises in the 1970's. On this record, it is uncontroverted that none of Nourollah's sons understood at the time of the transfers that any business relationship then existed between their father and his brothers, and it is uncontroverted that the sons and their entities never treated any of their assets as held on behalf of a partnership among their father and his brothers.

We affirm the dismissal of the cause of action for conversion on the ground that, based on these facts, defendants-respondents' possession of any alleged partnership assets transferred to them in the 1970's was, from the inception of such possession, a denial of any claim of plaintiffs to dominion, rights or possession in the transferred property, and thus immediately actionable as a conversion (*Sporn v MCA Records,* 58 NY2d 482, 487), a claim that became time-barred (CPLR 214 [3]) long before the commencement of this action in 1990. Also time-barred (CPLR 213 [1]) is the constructive trust cause of action, which accrued at the time of the alleged transfers to defendants-respondents (*Matter of Sakow,* 219 AD2d 479, 482). The fraud cause of action was correctly dismissed on the ground that no misrepresentation by defendants-respondents is alleged. We note that plaintiffs' argument that they should be afforded additional discovery against defendants-respondents is

precluded by plaintiffs' filing of a note of issue and certificate of readiness, without exclusion for the claims against defendants-respondents. We have considered and rejected plaintiffs' remaining contentions. Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.