■ G. GRAHAM DAVIDSON, JR., Appellant, v EVE FASANELLA, Respondent. [702 NYS2d 384] —In an action, *inter alia,* to recover damages for continuing trespass and conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 1, 1999, as granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly purchased a painting from the defendant's decedent in February 1973 and placed it in the care and custody of the Coe-Kerr Gallery for exhibition purposes only. In January 1995 the plaintiff allegedly discovered that the Coe-Kerr Gallery had delivered the painting to the decedent, and demanded its return, but was refused. The plaintiff commenced this action seeking damages, *inter alia*, for continuing trespass and conversion. The defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

The Supreme Court properly granted the defendant's motion to dismiss the complaint. The action is one to recover for conversion and not for continuing trespass (*see, Vigilant Ins. Co. v Housing Auth.,* 87 NY2d 36, 44; *Sporn v MCA Records,* 58 NY2d 482, 487-488). An action for conversion accrues on the date the conversion occurs (*see,* CPLR 214 [3]; *Vigilant Ins. Co. v Housing Auth., supra,* at 44; *Sporn v MCA Records, supra,* at 488). Here, the action accrued when the Koe-Cerr Gallery wrongfully delivered the painting to the defendant's decedent. Since the defendant established that the painting was delivered to the decedent in 1977, the plaintiff's action to recover damages for conversion is barred by the three-year Statute of Limitations (*see,* CPLR 214 [3]; *Erdheim v Matkins,* 259 AD2d 515; *Gold Sun Shipping v Ionian Transp.,* 245 AD2d 420). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.