NORBROOK LABORATORIES LIMITED, Plaintiff–Appellee,

v.

G.C. HANFORD MANUFATURING COMPANY, d/b/a Hanford Pharmaceuticals, Defendant–Appellant.

No. 03–7720L, 03–9351CON.

United States Court of Appeals, Second Circuit.

March 23, 2005.

*Hotels Corp. v. Johnson Wax Dev. Corp.,* 908 F.2d 1363, 1369 (7th Cir.1990).

508

Louis Orbach, Bond, Schoeneck & King, Syracuse, NY, for Appellant.

Lyndon M. Tretter, Hogan & Hartson, L.L.P., New York, NY, for Appellee.

Present: JACOBS, CALABRESI, and POOLER, Circuit Judges,

## SUMMARY ORDER

G.C. Hanford Manufacturing Company ("Hanford") appeals a preliminary injunction preventing it from further producing and from marketing Penicillin G Procaine ("PGP") using any part of Norbrook Laboratories Limited's ("Norbrook") in-situ process or any confidential information belonging to Norbrook.

We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues.

We review the district court's grant of a preliminary injunction for abuse of discretion. *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, a67 (2d Cir.2001). We will find abuse of discretion only if the district court clearly erred in its factual findings, made an error of law, or reached a decision outside its permissible range of discretion. *Id.* at 169. The injunction entered below is a prohibitory, and not a mandatory, injunction. *See Nicholson v. Scoppetta,* 344 F.3d 154, 165 (2d Cir.2003) (holding that a mandatory injunction alters the status quo by requiring a party to perform "some positive act."). Therefore, the district court could grant a preliminary injunction if it found "(1) irreparable injury and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions on the merits and a balance of hardships tipping 'decidedly' in the plaintiff's favor." *Fair Housing in Huntington Comm., Inc., v. Town of Huntington, New York,* 316 F.3d 357, 365 (2d Cir.2003). The district court found that Norbrook satisfied both of the alternative tests.

■ Because we conclude that the district court, relying on findings of fact that

are not clearly erroneous, correctly found that Norbrook showed sufficiently serious issues going to the merits, irreparable harm, and a balance of hardships tipping decidedly toward Norbrook on its unfair competition claim, we affirm the injunction. Under New York law, "[t]he essence of an unfair competition claim ... is that the defendant has misappropriated the labors and expenditures of another." *Saratoga Vichy Spring Co. v. Lehman,* 625 F.2d 1037, 1044 (2d. Cir.1980). Some element of bad faith must be involved. *Id.* The district court found that (1) no-one knew how to make PGP in situ until Norbrook did so after conducting hundreds of experiments; (2) after Norbrook started marketing in-situ PGP, Hanford tried to obtain Norbrook's "recipe" from various sources; (3) when these attempts did not succeed, Hanford hired as a consultant Norbrook's ex-employee who primarily developed Norbrook's in-situ formula; and (4) the ex-employee developed a successful in-situ process for Hanford within a very short time period. The district court also found that Hanford misappropriated Hanford's trade secret. One chief attack on appeal is that the New York unfair competition law does not apply absent the misappropriation of a trade secret (or the physical taking or studied copying of other confidential information—which is not here alleged), and that Norbrook has insufficiently defined the trade secret at issue. Were there time enough, we might certify to the Court of Appeals of New York the question whether an unfair competition claim can survive absent the misappropriation of a trade secret (where no physical taking or studied copying is alleged). This course of action is, however, generally impractical on an appeal from the grant of a preliminary injunction. In any event, it seems likely at this stage that the trade secret at issue will take more palpable form and lend itself to better description after further proceedings. For purposes of a preliminary injunction, in which Hanford's risk is secured by a substantial bond, Norbrook's allegations sufficiently suggest that a trade secret may have been conveyed. Therefore, the district court reasonably found sufficiently serious questions going to the merits of the unfair competition claim.

■ We reject Hanford's contention that Norbrook's unfair competition claim is barred by the statute of limitations. The statute of limitations for an unfair competition claim based on misappropriation of another's labors or expenditures is three years. *Sporn v. MCA Records, Inc.,* 88 A.D.2d 857, 451 N.Y.S.2d 750, 751 (1st Dep't 1982), *aff'd,* 58 N.Y.2d 482, 462 N.Y.S.2d 413, 448 N.E.2d 1324 (1983). Although Hanford misappropriated Norbrook's labors and expenditures more than three years before Norbrook filed suit, it did not attempt to use this information to compete against Norbrook until, at the earliest, it applied for FDA approval on January 24, 2002. On February 7, 2003, Norbrook timely filed this lawsuit.

We also find no error in the district court's conclusion that Norbrook will suffer irreparable harm absent an injunction. *See Computer Assoc. Int'l, Inc. v. Bryan,* 784 F.Supp. 982, 986 (E.D.N.Y.1992) (holding that "the potential loss of an industry leader's present market and loss of the advantage of being the pioneer in the field and the market leader, may constitute irreparable harm."). Finally, the district court did not err in finding that the balance of hardships tipped decidedly toward Norbrook. Having held that the district court acted within its discretion in issuing an injunction on Norbrook's unfair competition claim, we have no need to reach the trade secret claim.

For the reasons we have discussed, the district court's order is affirmed.